MOUDRY, Respondent, vs. PATRICK CUDAHY FAMILY COMPANY, Appellant.

*October 5, 1916—January 16, 1917.*

*Appeal from civil court before entry of judgment: Validation.*

1. Under sec. 28, ch. 549, Laws 1909, as amended by ch. 320, Laws 1913, an appeal from a judgment of the Milwaukee civil court to the circuit court cannot be taken before the judgment is entered.
2. Sec. 2836a, Stats., cannot be construed as validating an attempted appeal taken from a judgment before such judgment was entered.

APPEAL from a judgment of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Reversed.*

Plaintiff secured a verdict of $308 in the civil court, which was trebled under sec. 3367, Stats., and the amount of defendant's counterclaim, $75 for rent, deducted therefrom and judgment entered for the balance and costs. On appeal the circuit court disallowed treble damages and entered judgment for $286.69.

The plaintiff moved in the circuit court to have the appeal dismissed for the reason that it was not properly taken. The motion was denied, and plaintiff on proper proceedings under the statute, sec. 3049a, asks this court to review that ruling.

For the appellant there were briefs by *Markham, Freeman & Cudahy,* attorneys, and *Henry J. Bendinger,* of counsel, and oral argument by *Mr. Bendinger.*

*W. F. Thiel,* for the respondent.

The following opinion was filed October 24, 1916:

KERWIN, J. Several errors are assigned and discussed in this case, but in the view we take of it it is only necessary to consider the motion made by the respondent in the circuit court to dismiss the appeal because not properly taken. It

appears without dispute that when the appeal was taken from the civil to the circuit court the judgment had not been entered nor the costs taxed. The Civil Court Act, sec. 28, ch. 549, Laws 1909, as amended by ch. 320, Laws 1913, provides that the appeal shall be taken within twenty days after entry of the judgment or order' appealed from. It is conceded by counsel for appellant that independent of sec. 2836a, Stats., no appeal was taken, but it is claimed that this statute cures the defect in taking the appeal before entry of judgment. This statute provides that, in case it shall. appear upon a hearing on a motion to dismiss an appeal that the appeal was attempted to be taken in good faith, the court shall have power in its discretion to allow any defect or omission in the notice, undertaking, or other appeal papers to be supplied, either with or without terms, and with the same effect as if the appeal had been originally properly taken. This statute plainly contemplates that there must be a judgment to appeal from at the time the defective appeal is taken, and the statute obviously is intended to cure defects in the appeal papers. But we think it is clear that the statute cannot be held to cover a case where no judgment had been rendered at the time the appeal was attempted to be taken. There was no right of appeal before entry of judgment given by statute. The statute expressly provides that the appeal shall be taken within twenty days "after entry of the judgment." To construe this statute so as to validate the present appeal would be simply to hold that the statute allows an appeal from a judgment before any judgment is entered. We are therefore of opinion that the motion to dismiss the appeal should have been granted.

*By the Court.*—The judgment of the court below is reversed, and the cause remanded with instructions to dismiss the appeal to the circuit court.

A motion for a rehearing was denied, with $25 costs, on January 16, 1917.