RAMSTHAL ADVERTISING AGENCY, Plaintiff-Respondent, v. ENERGY MISER, INC., and another, Defendants-Appellants.

Court of Appeals

*No. 78–702. Submitted on motion for summary affirmance March 13, 1979.—Decided April 18, 1979.*
(Also reported in 279 N.W.2d 491.)

For the appellants: *Gregory K. Scott* and *Beaver Dam Law Center* of Beaver Dam.

For the respondent: *Bruce R. Rasmussen* of Beaver Dam.

Before Gartzke, P.J., Bablitch, J. and Dykman, J.

BABLITCH, J. On October 18, 1978, the trial court entered a default judgment in favor of the plaintiff. Notice of entry of the default judgment was served October 20, 1978. Defendants' attorney filed a motion for relief from the default judgment October 27, 1978, alleging excusable neglect for not answering the complaint under sec. 806.07(1)(a), Stats. At a hearing on November 9, 1978, the trial court orally denied the motion. An order to that effect was signed by the trial court November 18, 1978, and stamped "filed" on November 20, 1978, by the clerk of the trial court. On November 10, 1978, a notice of appeal was filed in the lower court on behalf of the defendants from ". . . the Order rendered on November 9, 1978, . . . wherein the court denied defendant's motion for relief from default judgment."

On March 2, 1979, this court entered an order requiring the parties to submit memoranda to the court on the issue of whether the appeal was taken from an appealable order. The respondent filed a motion for summary affirmance and a supporting memorandum. The appellant filed no memorandum with this court but did file a new notice of appeal in the lower court on March 15, 1979, appealing from the November 20, 1978 "judgment."

We conclude that both appeals must be dismissed. The initial appeal was filed November 10, 1978, and was taken from ". . . the Order rendered on November 9, 1978." However, there was no written order in existence at that time. An order, to be appealable, must be in writing and filed. *State ex rel. Hildebrand v. Kegu,* 59 Wis. 2d 215, 207 N.W.2d 658 (1973). Section 808.03(1), Stats., provides that for a final order to be appealable it must be "entered" in accordance with sec. 807.11(2), Stats. Section 807.11(2) provides that an order is entered when it is filed in the office of the clerk of court. An appeal cannot be taken from an order before it is en-

tered. *Moudry v. Patrick Cudahy Family Co.*, 164 Wis. 510, 159 N.W. 750 (1917). Because the appeal was taken before the order was entered, the first appeal must be dismissed.

The second appeal was filed in the lower court on March 15, 1979, and was taken from the order entered November 20, 1978. Because there was no notice of entry of order served regarding the November 20 order, the defendants had ninety days to appeal pursuant to sec. 808.04(1), Stats. The time to appeal expired February 18, 1979. Because the second appeal was taken after that time, it must be dismissed as well.

*By the Court.*—Appeals dismissed.