Nancy R. KUZMIC and Michael Kuzmic, Plaintiffs-Appellants,

v.

Sylvia J. KREUTZMANN and The Home Insurance Company, Defendants-Respondents.†

Court of Appeals

*No. 80-428. Submitted on briefs November 26, 1980.*
*—Decided December 22, 1980.*
(Also reported in 301 N.W.2d 266.)

† Petition to review denied. CALLOW, J., took no part.

For the plaintiffs-appellants there was a brief by *Schellinger & Doyle, S.C.*, of Milwaukee. *James A. Baxter* of counsel.

For the defendants-respondents there was a brief by *Piette, Knoll & Nelson* of Milwaukee.

Before Voss, P.J., Brown and Scott, J.J.

BROWN, J.  Does an attorney's concession during closing arguments that the client was negligent constitute an admission requiring the trial court to answer "yes" to the special verdict question on that party's negligence? The trial court ruled it was a binding admission and answered that part of the negligence question for the jury. We do not agree.

This is an action for personal injuries resulting from an automobile accident. The two parties collided on a narrow, curvy road. Each claimed the other was driving on the wrong side of the road, precipitating the accident. Plaintiff was driving with the driver's side window down, and her elbow was resting on the sill. Throughout the pleadings, pretrial discovery and three days of jury trial, not once did the plaintiff admit negligence on her part, nor was there any other gesture indicating an admission, such as a stipulation on the record. Apparently, in an effort to be candid with the jury, the plaintiff's counsel stated during closing arguments that his client

was negligent in driving with one arm resting on the window sill. He suggested, however, that plaintiff's negligence was far less than defendant's who, he argued, was driving on both sides of the road. He suggested a 65%/35% apportionment of negligence in plaintiff's favor.

Following closing arguments, the jury received the court's instructions and retired to the jury room. Defendant's counsel then moved the court to find plaintiff causally negligent as a matter of law based upon the "concession of negligence" made by plaintiff's attorney in closing arguments.

The motion was argued for twenty minutes at which time the trial judge brought the jury back and instructed them that the court was answering that portion of the special verdict relating to the plaintiff's negligence. The court explained to the jury that this was being done because of the concession of plaintiff's negligence during arguments. The jury returned a verdict of "no" to the question of defendant's negligence and made an award of $45,000 to the plaintiff.

The trial court erred, and its error prejudiced the plaintiff. Although the issue is one of first impression in this state, our answer is but a logical extension of Wis J I—Civil, 110, which states:

110 Arguments of Counsel

You should consider carefully the arguments of counsel insofar as such arguments are based upon the evidence and insofar as such arguments will assist you in arriving at a just verdict. *But the arguments and statements of counsel and their conclusions and opinions are not to be considered by you as evidence in this case.* It is your duty to draw your own conclusions and your own inferences from the evidence and to decide upon your verdict according to the evidence and under the instructions concerning the law as given to you by the Court. [Emphasis added.]

The language of this instruction is taken from *Mullen v. Reinig*, 72 Wis. 388, 392–93, 39 N.W. 861, 863 (1888), and was followed most recently in *Merco Distrib. Corp. v. O. & R. Engines, Inc.*, 71 Wis.2d 792, 795–96, 239 N.W. 2d 97, 99 (1976), where the supreme court stated:

Allegations in a complaint may be used or considered as evidence tending to establish jurisdiction but solely ". . . for the limited purpose of determining the type of action." Admissions made in the answer or in objections to personal jurisdiction may be considered also since they ". . . are part of the record for purposes of the jurisdictional trial." So the trial court here was entitled to consider both plaintiff's complaint and defendant's answer as support for its conclusion that it did have jurisdiction over the action. The difficulty is that neither or both are here sufficient to support a finding of jurisdiction. Nothing is added by the arguments of opposing counsel. Arguments or statements made by counsel during argument are not to be considered or given weight as evidence. [Footnotes omitted.]

Plaintiff's brief draws our attention to 31A C.J.S. *Evidence* §299, at 765 (1964), which we find to be instructive.

A judicial admission, to be binding, must be one of fact and not a conclusion of law or an expression of an opinion.

We agree with the plaintiff that closing argument amounts to only a statement of opinion by counsel.

The majority of jurisdictions addressing the issue have determined that the opinions and conclusions of counsel in closing arguments do not amount to a binding judicial admission.[1] The general rule is that in order for a state-

---

[1] *Harrison Construction Co. v. Ohio Turnpike Commission*, 316 F.2d 174, 177 (6th Cir. 1963); *Martin v. Burgess*, 82 F.2d 321, 323 (5th Cir. 1936); *Technical Tape Corp. v. Minnesota Mining &*

ment to constitute a judicial admission, it must be clear, deliberate and unequivocal, *and* it must be a statement of fact rather than opinion. *Hedge v. Bryan,* 425 S.W.2d 866, 868 (Tex. Civ. App., 1968). Closing arguments are matters of opinions. As stated in *Sabo v. T. W. Moore Feed & Grain Company,* 97 Ill. App.2d 7, 20, 239 N.E.2d 459, 465 (1968), quoting with approval *Rosbottom v. Hensley,* 61 Ill. App.2d 198, 215, 209 N.E.2d 655, 662 (1965) :

". . . In the dictionary denotation, a judicial admission is a formal act of the party or his attorney in court, dispensing with proof of a fact claimed to be true and is used as a substitute for legal evidence at the trial. Black's Law Dictionary, 1944." In our opinion the statements made by counsel were not judicial admissions and do not exculpate the defendants.

■

We conclude that closing arguments of counsel are opinions only and cannot be construed as an admission of plaintiff's negligence.

■

Defendant argues that even if the trial court erred, it was harmless because the jury found defendant not negligent. We disagree. The facts were hotly disputed, and there is credible evidence of negligence upon which the jury could have found negligence by both drivers. We hold that the trial court's action in calling the jury back after it had already retired to the jury room placed special emphasis on plaintiff's negligence and prevented the jury from making a fully independent decision on the negligence of the parties.

Defendant then argues that we should find plaintiff more negligent than defendant as a matter of law. Upon

*Mfg. Co.,* 143 F. Supp. 429, 436 (S.D. N.Y. 1956) ; *Bunch v. Rose,* 10 Ill. App.3d 198, 208, 293 N.E.2d 8, 15 (1973) ; *Sabo v. T. W. Moore Feed & Grain Company,* 97 Ill. App.2d 7, 20, 239 N.E.2d 459, 465 (1968).

our review of the record, we cannot reach that conclusion. A new trial is ordered.[2]

*By the Court.*—Judgment vacated and cause remanded for a new trial.

[2] We do not feel it necessary to reach the plaintiff's second issue regarding a jury instruction which, in effect, provided that a person driving with an elbow resting on a windowsill does so "at his own risk." Plaintiff claims the phrase infers that anyone placing his elbow on a windowsill is automatically negligent. While we do not necessarily share plaintiff's concern, we believe the instruction can be more artfully drafted upon retrial.

