CITY OF WISCONSIN DELLS, Plaintiff-Respondent,

v.

DELLS FIREWORKS, INC., a Wisconsin corporation, Diane M. Cornellier, and Anthony Cornellier, Defendants-Appellants.†

Court of Appeals

*Nos. 94–1999, 94–3295. Submitted on briefs July 27, 1995.—Decided September 21, 1995.*

(Also reported in 539 N.W.2d 916.)

†Petition to review denied.

1

5

For the defendants-appellants the cause was submitted on the briefs of *Douglas W. Kammer* of *Kammer Law Office, Chartered* of Portage.

For the plaintiff-respondent the cause was submitted on the brief of *Harry Sauthoff, Jr.* of *LaRowe, Gerlach & Roy, S.C.* of Madison.

Before Eich, C.J., Sundby and Vergeront, JJ.

VERGERONT, J. Dells Fireworks, Inc., Anthony Cornellier and Diane M. Cornellier appeal from a summary judgment permanently enjoining them from selling or delivering fireworks except under certain conditions. They also appeal from an order finding them in contempt of that injunction.[1] The trial court concluded that Dells Fireworks, Inc. and the Cornelliers (collectively, "Dells Fireworks") had violated § 167.10(2) and (3), STATS., which regulates the sale and use of fireworks, and the City of Wisconsin Dells ordinance which mirrors the statute. Section 167.10(2) and (3) limits and defines the situations in which fireworks may be sold, used or possessed. With certain exceptions, sales are prohibited except to persons holding permits under the statute.[2]

---

[1] Dells Fireworks, Inc. and the Cornelliers filed a notice of appeal from both the summary judgment and the oral contempt finding. We dismissed that part of the appeal taken from the oral contempt finding because an appeal can be taken from a finding of contempt only from a written order or judgment. *See Ramsthal Advertising Agency v. Energy Miser, Inc.*, 90 Wis. 2d 74, 75-76, 279 N.W.2d 491, 492 (Ct. App. 1979). Later, when the trial court reduced its oral contempt finding to a written order, Dells Fireworks, Inc. and the Cornelliers filed a notice of appeal from the trial court's written contempt order. We granted a request to consolidate the appeals. In addition, because the second appeal is a one-judge appeal under § 752.31(2), STATS., we converted it to a three-judge panel on our own motion.

[2] Section 167.10(2) and (3), STATS., provides in part:

> (2) SALE. No person may sell or possess with intent to sell fireworks, except:
> (a) To a person holding a permit under sub. (3)(c);
> (b) To a city, village or town; or
> (c) For a purpose specified under sub. (3)(b)2. to 6.

Dells Fireworks contends that: (1) the trial court erred in concluding that the devices it sold were fireworks within the meaning of § 167.10(1), STATS.; (2)

(3) USE. (a) No person may possess or use fireworks without a user's permit from the mayor of the city, president of the village or chairperson of the town in which the possession or use is to occur or from an official or employe of that municipality designated by the mayor, president or chairperson. . . .

(b) Paragraph (a) does not apply to:

1. The city, village or town, but municipal fire and law enforcement officials shall be notified of the proposed use of fireworks at least 2 days in advance.

2. The possession or use of explosives in accordance with rules or general orders of the department of industry, labor and human relations.

3. The disposal of hazardous substances in accordance with rules adopted by the department of natural resources.

4. The possession or use of explosive or combustible materials in any manufacturing process.

5. The possession or use of explosive or combustible materials in connection with classes conducted by educational institutions.

6. A possessor or manufacturer of explosives in possession of a license or permit under 18 USC 841 to 848 if the possession of the fireworks is authorized under the license or permit.

(c) A permit under this subsection may be issued only to the following:

1. A public authority.

2. A fair association.

3. An amusement park.

4. A park board.

5. A civic organization.

6. A group of resident or nonresident individuals.

7. An agricultural producer for the protection of crops from predatory birds or animals.

Section 167.10(5), STATS., permits municipalities to adopt ordinances regulating fireworks; the ordinances may be more restrictive than the statute but not less restrictive. The record does not contain a text of the ordinance, but appellants tell us in their brief that the ordinance is exactly the same as § 167.10.

10

because of its federal license under 18 U.S.C. § 843,[3] Dells Fireworks is incapable of violating § 167.10(2); (3) the persons to whom it sold the devices had proper permits under §§ 167.10(2)(a) and 167.10(3)(c)6; and (4) the dismissal of a related action in another branch of the trial court requires the dissolution of the injunction. We reject each of these contentions and we affirm the injunction. We also affirm the order finding Dells Fireworks in contempt and the remedies imposed.

## BACKGROUND

Dells Fireworks, Inc. has its place of business in the City of Wisconsin Dells. The City of Wisconsin Dells filed a complaint against Dells Fireworks, Inc. and Diane and Anthony Cornellier (both of whom are officers, directors, shareholders and employees of the corporation) alleging that the Cornelliers sold certain specified types of fireworks to four individuals who did not have user permits issued by the city as required by § 167.10(3)(a), STATS., but instead had "alleged permits" which Dells Fireworks sold them for two dollars at the time of purchase.[4] The complaint alleges that these sales were violations of the statute and the city ordinance and that the defendants have been asked to stop making such sales but have refused and are continuing to make such sales. The complaint seeks a forfeiture for each ordinance violation and an injunction against future violations.

---

[3] 18 U.S.C. §§ 841-848 regulate the interstate importing, manufacturing, distributing and storing of explosive materials and require a license to engage in these activities.

[4] Anthony Cornellier is alleged to have made a sale to one of the individuals and Diane Cornellier is alleged to have made the other three sales.

11

The alleged permits are attached to the complaint. They purport to be applications for membership in the Wisconsin Fireworks Association, which is described as a non-profit corporation whose primary purpose is to educate the public on the proper use of "Class C-D.O.T. Common fireworks." The alleged permits (herein referred to as WFA membership forms) state that as a member of WFA "you have the right to purchase, possess and use fireworks in the State of Wisconsin. You may only use them on the property and the dates shown on the Association's permit." Each of the attached WFA membership forms contains the name of one of the four purchasers named in the complaint; states that "Membership is received and permit authorized on behalf of the Wisconsin Fireworks Association"; and is signed by Dells Fireworks, Inc., as a representative of the Wisconsin Fireworks Association. The forms also state that WFA is not liable for any injury occasioned by transportation, handling, storage, sale or use of fireworks.

The answer admits that "certain fireworks" were sold to the four individuals; denies that fireworks permits were sold to them; and affirmatively alleges that the four individuals are members of the WFA and that, on information and belief, members of the WFA have valid permits issued by the appropriate municipalities to discharge fireworks in eighteen locations in the state. The answer alleges, on information and belief, that the "items recited in the plaintiff's complaint do not constitute 'fireworks' as defined by [§ 167.10(1), STATS.]."[5]

---

[5] Section 167.10(1), STATS., provides in pertinent part:

DEFINITION. In this section, "fireworks" means anything manufactured, processed or packaged for exploding, emitting sparks or

The answer also alleges that the ordinance violations asserted in the complaint were the subject of a forfeiture action pending in another branch of Columbia County Circuit Court. That action was brought by Wisconsin Dells against Diane Cornellier. On the motion of Dells Fireworks, the trial court in this action dismissed the claim for forfeitures under the ordinance because of the other action, but refused to dismiss the claim for injunctive relief.

Wisconsin Dells moved for summary judgment and each side submitted affidavits and other documents. The trial court determined there were no issues of fact and that Wisconsin Dells was entitled to summary judgment enjoining Dells Fireworks from selling or

combustion which does not have another common use, but does not include any of the following:

. . . .

(e) A cap containing not more than one-quarter grain of explosive mixture, if the cap is used or possessed or sold for use in a device which prevents direct bodily contact with a cap when it is in place for explosion.

(f) A toy snake which contains no mercury.

. . . .

(i) A sparkler on a wire or wood stick not exceeding 36 inches in length or 0.25 inch in outside diameter which does not contain magnesium, chlorate or perchlorate.

(j) A device designed to spray out paper confetti or streamers and which contains less than one-quarter grain of explosive mixture.

(k) A device designed to produce an audible sound but not explode, spark, move or emit an external flame after ignition and which does not exceed 3 grams in total weight.

(l) A device that emits smoke with no external flame and does not leave the ground.

(m) A cylindrical fountain not exceeding 100 grams in total weight with an inside tube diameter not exceeding 0.75 inch, designed to sit on the ground and emit only sparks and smoke.

(n) A cone fountain not exceeding 75 grams in total weight, designed to sit on the ground and emit only sparks and smoke.

delivering the fireworks contrary to law as a matter of law. The trial court concluded that although Dells Fireworks had a federal permit, under § 167.10(2)(a), STATS., it could not sell fireworks to the individuals named in the complaint unless they had permits issued by a municipality in which the fireworks were to be used, in conformity with § 167.10(3)(c). The trial court assumed that the WFA held a permit that was valid under the statute, but rejected Dells Fireworks' argument that therefore every WFA member held a valid permit. A written injunction was entered on May 11, 1994.

On June 7, 1994, Wisconsin Dells moved for an order finding Dells Fireworks in contempt for violating the injunction. On June 17, 1994, Dells Fireworks moved for an order setting aside the injunction and dismissing this case on the ground that on June 16, the trial court in the separate forfeiture action against Diane Cornellier had dismissed the charges. The basis for dismissal was that she was exempt from the requirements of § 167.10(2) and (3), STATS., because of a federal license. The trial court in this action denied Dells Fireworks' motion, stating that the decision in the other branch was not binding.

After an evidentiary hearing on the contempt motion, the trial court found that the defendants had violated the injunction by continuing to use WFA memberships so as to circumvent the statutory permit requirements and that this conduct was intentional and not in good faith. The trial court imposed various penalties and remedies. Details of the contempt hearing and order will be discussed later in the opinion.

## STANDARD OF REVIEW

We review a grant of summary judgment *de novo* by applying the same standards employed by the trial court. *Brownelli v. McCaughtry*, 182 Wis. 2d 367, 372, 514 N.W.2d 48, 49 (Ct. App. 1994). Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Section 802.08(2), STATS.

The resolution of this appeal involves an interpretation of § 167.10, STATS., which is a question of law that we review *de novo*. *See Tahtinen v. MSI Ins. Co.*, 122 Wis. 2d 158, 166, 361 N.W.2d 673, 677 (1985). The purpose of statutory construction is to give effect to the legislative intent. *Zimmerman v. DHSS*, 169 Wis. 2d 498, 504, 485 N.W.2d 290, 292 (Ct. App. 1992). When determining legislative intent, we first examine the language of the statute itself and will resort to extrinsic aids only if the language is ambiguous. *Id.* at 504-05, 485 N.W.2d at 292.

The trial court's decision to grant an injunction is a discretionary one and the scope of the injunction is also within the trial court's discretion. *See State v. Seigel*, 163 Wis. 2d 871, 889-90, 472 N.W.2d 584, 591-92 (Ct. App. 1991). We will sustain a discretionary determination if the trial court considered the relevant facts, applied the proper law and used a rational mental process to reach a reasonable result. *Rodak v. Rodak*, 150 Wis. 2d 624, 631, 442 N.W.2d 489, 492 (Ct. App. 1989).

## INTERPRETATION OF § 167.10(2) AND (3), STATS.

*Definition of Fireworks*

We first address Dells Fireworks' contention that the trial court should have held an evidentiary hearing to determine whether the fireworks described in the complaint—which include firecrackers, bottle rockets, Artillery Shells and Saturn Missiles—are "fireworks" as defined in § 167.10(1), STATS.

Section 167.10(1), STATS., defines fireworks as anything "manufactured, processed or packaged for exploding, emitting sparks or combustion which does not have another common use," and then lists certain exclusions from this definition.[6] The trial court decided that Dells Fireworks had conceded this in its answer because it admitted it sold "certain fireworks" to the four individuals. We agree with Dells Fireworks that because of the specific allegation in the answer—that "the items recited in the plaintiff's complaint do not constitute 'fireworks' as defined by [§ 167.10(1)]"—the answer cannot be considered a concession on this issue. However, we do not reverse the grant of summary judgment on this ground because we conclude that Dells Fireworks has made a judicial admission on this issue.

At the evidentiary hearing on the motion for contempt, counsel for Wisconsin Dells called Anthony Cornellier as a witness. Cornellier was asked to review a document entitled "Dells Fireworks, Inc. Order Blank Class C Fireworks"[7] which lists sixty-six items. Firecrackers, bottle rockets, Saturn Missiles and Artillery

---

[6] *See* note 5.

[7] Class C is a classification of fireworks designated by the department of transportation. This classification is not relevant to our decision.

Shells are all items on the order blank. He was then asked which of the items on the order blank require a permit before they can be purchased. He answered that all items on the order blank require permits except sparklers, snakes and smoke bombs, and that he would not sell these without a permit. This testimony was not qualified or contradicted by Cornellier when his counsel examined him. The trial court made a determination based on this undisputed testimony that the firecrackers and bottle rockets Dells Fireworks sold to certain purchasers after the entry of the injunction were fireworks within the meaning of the statute.

When a party or his counsel makes a clear, deliberate and unequivocal statement of fact, that is a judicial admission and is binding on the party. *Kuzmic v. Kreutzmann*, 100 Wis. 2d 48, 51-52, 301 N.W.2d 266, 268 (Ct. App. 1980). Cornellier's testimony was clear, deliberate and unequivocal. Although it was phrased in terms of permit requirements, it was in essence a statement of fact regarding the characteristics of the items on the order blank. The exclusions in § 167.10(1), STATS., are those types of devices that are not regulated and therefore do not require permits. The pertinent exclusions describe devices in terms of performance, size, weight and material. Cornellier sold all the devices on the order blank. The only reasonable interpretation of his testimony is that the items on the order blank, with the exceptions he noted, do not have the physical characteristics of the pertinent exceptions. We conclude that Cornellier's testimony is a judicial admission. His testimony forecloses asserting on appeal that there is a dispute of fact as to whether firecrackers, bottle rockets, Saturn Missiles and Artil-

17

lery Shells, all listed on the order blank, are excluded under the definition of fireworks.

*Effect of Federal License*

Since Dells Fireworks does not point to any other factual disputes, we turn to its arguments that the trial court incorrectly interpreted the requirements under § 167.10(2) and (3), STATS., for selling fireworks. Section 167.10(2) and (3) provides in relevant part:

(2)   SALE. No person may sell or possess with intent to sell fireworks, except:

(a)   To a person holding a permit under sub. (3)(c);

(b)   To a city, village or town; or

(c)   For a purpose specified under sub. (3)(b)2. to 6.

(3)   USE. (a) No person may possess or use fireworks without a user's permit from the [municipality] . . . .

(b)   Paragraph (a) does not apply to:

. . . .

6.   A possessor or manufacturer of explosives in possession of a license or permit under 18 USC 841 to 848 if the possession of the fireworks is authorized under the license or permit.

First, Dells Fireworks argues that it may sell fireworks to anyone because of its federal license.[8] Dells Fireworks concedes that the federal statute does not preempt state law in this field, *see* 18 U.S.C. § 848, and that the question is what § 167.10(2) and (3), STATS., requires. According to Dells Fireworks, because the third category of permitted sales under § 167.10(2)(c) is

---

[8] Dells Fireworks does dispute that it may not sell to a minor under § 167.10(3)(h), STATS.

for purposes specified under subsec. (3)(b)2 to 6, and because subsec. (3)(b)6 refers to a possessor of a federal license, federal licensees can sell to anyone. We reject this argument because it is inconsistent with the language of the statute.

Section 167.10(3)(b), STATS., lists those situations for which a permit is not needed to *use or possess* fireworks. Because of its federal permit, Dells Fireworks may use and possess fireworks without having a user's permit from the municipality in which it uses or possesses fireworks. It may also, because of the reference in § 167.10(2)(c) to subsec. (3)(b)6, sell to federal licensees even though the federal licensees do not have user's permits from the relevant municipalities. However, if the purchaser is not a federal licensee, the purchaser must either hold a valid user's permit meeting the requirements of § 167.10(3)(a) and (c) or must be a municipality. There are, in short, only three categories of permissible purchasers under § 167.10(2): permit holders, municipalities, and federal licensees. All other sales are prohibited.[9] Nowhere is there an exemption from this requirement because the *seller* holds a federal license.

*Validity of Permits*

Dells Fireworks also argues that the four individuals to whom it sold fireworks each had a valid user's permit because they were members in the WFA, which had a valid user's permit for a number of municipalities. It is undisputed that these four individuals did not have permits issued by the City of Wisconsin Dells, the municipality in which they purchased the fireworks

---

[9] Section 167.10(4), STATS., does permit certain other sales by wholesalers. This provision is not at issue on this appeal.

19

and possessed the fireworks after purchase. It is also undisputed that WFA does hold valid permits from a number of municipalities, but not from Wisconsin Dells.

According to Dells Fireworks, because user permits may be issued to "[a] group of resident or nonresident individuals" under § 167.10(3)(c)6, STATS., every member of the group—in this case, WFA—is a permit holder by virtue of WFA's permit. We agree with the trial court's analysis and reject this interpretation as inconsistent with the language of the statute.

Under § 167.10(3)(c)6, STATS., the permit is issued to a group, not to the individuals that make up the group. Therefore, it is the group, WFA, which holds the permit, not the members of the WFA. WFA, according to its membership forms, is a non-profit corporation. Since, as a corporation, WFA can only act through individuals, *see City of Kiel v. Frank Shoe Mfg. Co.*, 245 Wis. 292, 297, 14 N.W.2d 164, 166 (1944), WFA may authorize individuals to act on its behalf in purchasing fireworks. However, the membership form does not show that the four individuals are authorized by WFA to act on its behalf in purchasing fireworks; and there is no other evidence in the record that does show that.

A statute must be construed to promote its purpose and objective. *City of Appleton v. Brunschweiler*, 52 Wis. 2d 303, 306, 190 N.W.2d 545, 547 (1971). Section 167.10, STATS., provides for strict regulation of the sale and use of fireworks. Apart from federal licensees and municipalities, sales may be made only to permit holders. Under § 167.10(3)(c) there are only seven categories of permit holders—public authority, fair association, amusement park, park board, civic organi-

20

zation, group of resident or nonresident individuals, and agricultural producer for the protection of crops. Except for an agricultural producer, user permits may not be issued to individuals. These requirements give the issuing municipality the ability to carefully control the use and possession of fireworks within its boundaries. If any individual who pays two dollars can obtain a permit without the municipality even knowing about it, there is little point to any of these sale and use requirements. It is clear from the WFA membership form and the undisputed circumstances of the membership purchases, that WFA is not exercising any control over the purchase or use of fireworks by its members.

We conclude that Wisconsin Dells was entitled to judgment that the sales to the four individuals violated § 167.10(2) and (3), STATS., because the purchasers did not have valid user permits.

*Propriety of Injunction*

We hold that the injunction was a proper exercise of the trial court's discretion. The court could reasonably conclude from the undisputed evidence that Dells Fireworks would continue the unlawful sales unless enjoined.

The specific terms of the injunction were also a proper exercise of the court's discretion. The injunction prohibited sales to persons that did not have valid permits issued pursuant to § 167.10(3), STATS., (or pursuant to a local ordinance in conformity therewith), unless the purchaser was in one of the other permissible categories, which the injunction specified. The injunction also prohibited the delivery or possession of fireworks within Wisconsin Dells to anyone that did

21

not have a permit issued by Wisconsin Dells, unless that person was in one of the other permissible categories, specified in the injunction. Where sales or deliveries are permitted to a person or an individual under the injunction, the sales or deliveries must be either to that person or individual, or to an individual acting as an authorized agent within the scope of the agency. The term "person" is defined in the injunction to include both municipalities and the definition of person under 18 U.S.C. § 841(a)—"any individual, corporation, company, association, firm, partnership, society, or joint stock company." The terms of the injunction are an accurate and clear statement of the law as applied to the facts of this case.

Dells Fireworks contends that even if the injunction was proper when entered, the trial court should have "abandoned it" when the branch presiding over the forfeiture action against Diane Cornellier dismissed that action. According to Dells Fireworks, that court's decision that the federal license exempted her from compliance with the statute is the "law of the case" in this action.

The law of the case doctrine has no application in this context. The doctrine is typically applied to require a trial court to follow all legal rulings made by the appellate court in subsequent proceedings before the trial court in the same case. *Univest Corp. v. General Split Corp.*, 148 Wis. 2d 29, 38-39, 435 N.W.2d 234, 238 (1989). In some cases cited by Dells Fireworks, the doctrine has also been applied to prevent a party from contesting a ruling made earlier by the trial court or agency in the same case. *See AFSCME Local Union No. 360 & 3148 v. WERC*, 148 Wis. 2d 392, 396, 434 N.W.2d 850, 851 (Ct. App. 1988); *Roellig v. Roellig*, 146 Wis. 2d

652, 659, 431 N.W.2d 759, 762 (Ct. App. 1988). However, the doctrine has no application where, as here, two cases have proceeded separately, each before a different trial court. The trial court in this action correctly ruled that it was not bound by the ruling of the other trial court.

## CONTEMPT

Dells Fireworks challenges the trial court's finding of contempt on the ground that it did comply with the trial court's explanation of the injunction and the explanation of Wisconsin Dells' counsel as reported in a newspaper. Dells Fireworks also contends that the trial court improperly found it in contempt for acts that took place outside the city limits of Wisconsin Dells. Finally, Dells Fireworks challenges certain of the conditions imposed by the court as sanctions.

We do not set aside the trial court's findings of fact unless they are clearly erroneous. Section 805.17(2), STATS. However, to the extent the determination of contempt involves an interpretation of the injunction, that is a question of law that we review *de novo. See Levy v. Levy*, 130 Wis. 2d 523, 528-29, 388 N.W.2d 170, 172-73 (1986) (interpretation of a divorce judgment presents a question of law). A court may impose remedial sanctions for the purpose of terminating a continuing violation of a court order. Sections 785.01(3) and 785.02, STATS. A trial court's use of its contempt power is reviewed to determine if the trial court properly exercised its discretion. *State ex rel. N.A. v. G.S.*, 156 Wis. 2d 338, 341, 456 N.W.2d 867, 868 (Ct. App. 1990).

At the contempt hearing, two individuals testified that after the entry of the injunction, Dells Fireworks sold them certain fireworks after they purchased WFA

23

memberships from Dells Fireworks. In each case, after the purchaser paid for the fireworks at the Dells Fireworks' place of business, an employee of Dells Fireworks arranged to and did deliver the fireworks to the purchaser outside of the city limits.

The WFA membership forms signed by these two individuals differed from those attached to the complaint. Instead of stating that "membership specifically allows possession of the fireworks while transporting them from the point of sale to the locations listed on this permit," these forms stated: "You are authorized to possess these fireworks as an agent of the Wisconsin Fireworks Association and solely for purposes of delivering them to a licensed site so that they may be discharged as part of our group celebration." The modified forms also did not contain the provision denying liability on the part of WFA for any injury.

The trial court found that these two sales were not to WFA but to the individuals, and that the use of these WFA membership forms by Dells Fireworks was not in good faith, was intentional, and was for the purpose of avoiding the requirements of the law and the injunction.

The trial court found that Dells Fireworks had violated the injunction by a sale to another individual, Chad Long. Long testified that he obtained a blank permit from Dells Fireworks, as he had done on at least one prior occasion when Diane Cornellier explained that he could buy fireworks if a town official signed the permit. As filled in by Long, the permit gives him permission to use Class C fireworks in the Town of Lyndon or to protect crops from predatory animals. Long had the permit signed by the Lyndon town chairman. He took the signed permit back to Dells Fireworks' place of business, presented it to Diane Cornellier and paid for

certain fireworks. The fireworks were delivered to him outside the city limits.

The trial court found that this permit was defective on its face. As an individual, Long obviously could not belong to any category of permit holder except that of an agricultural producer. This is true even under Dells Fireworks' interpretation of the statute because he did not have a membership in the WFA. The court implicitly found that Diane Cornellier knew that Long was not an agricultural producer purchasing fireworks to protect crops. This finding is supported by the record and is not clearly erroneous. The trial court found that this transaction demonstrated, if not an intentional violation of the injunction, then a reckless disregard of the injunction and the law.

The trial court imposed a penalty of $400 for each of the two violations that involved WFA members and $200 for the violation involving Long, pursuant to § 167.10(9)(b), STATS.[10] The court ordered that the fireworks that were held for sale and sold in violation of the injunction be seized pursuant to § 167.10(8). The court also ordered that all sales made to an organization or to a group of resident or non-resident individuals be for an amount not less than $250 in the form of a draft or a check drawn on the account of the organization and that delivery be made to the business office of the organization.

Dells Fireworks claims that, in granting the injunction, the trial court stated that it could make sales as long as the fireworks were delivered outside the city limits; and that the attorney for the city said the same thing, as reported in a local newspaper.

---

[10] Section 167.10(9)(b), STATS., provides:

A person who violates sub. (2), (3) or (6) or an ordinance adopted under sub. (5) shall forfeit not more than $1,000.

According to Dells Fireworks, this is a modification of the injunction like that in *State v. O'Dell*, 193 Wis. 2d 333, 532 N.W.2d 741 (1995) (oral statements made by court, after entry of a written injunction, that modified the written terms but were never reduced to writing, constituted a modification of the injunction).

■ There is no merit to Dells Fireworks' contention. Dells Fireworks refers to only a portion of the comments the trial court made in explaining the injunction it was about to enter. A complete reading of the court's comments leaves no doubt that Dells Fireworks could not sell fireworks to a person who did not have a valid permit (or was exempt from the permit requirement) regardless of where delivery or possession took place. And that is exactly what the injunction says.

The same is true of the comments attributed to Wisconsin Dells' counsel.[11] In parts of the article not cited by Dells Fireworks, the city's counsel is reported to say that the injunction differentiates between sale and delivery and that the injunction permits fireworks to be sold only to persons with a permit; he then describes the requirements for permits.

■ There is also no merit to Dells Fireworks' contention that the trial court is erroneously enforcing the injunction "extraterritorially" in finding a violation of the injunction because of the sale to Chad Long. This

---

[11] The trial court, over objection, accepted the newspaper article into evidence "for whatever probative value it may have," but did not refer to it in its oral decision. Because of our conclusion that the comments attributed to Wisconsin Dells' counsel accurately describe the injunction, we need not decide whether the article could properly be considered in deciding whether Dells Fireworks violated the injunction.

violation is based on the sale to Long of fireworks when Dells Fireworks knew or should have known the permit he presented was invalid. It is not based on Long's acts of bringing the fireworks back into the city, as Dells Fireworks suggests. We agree with the trial court's legal conclusion that although Long did not receive possession within the city limits, the sale was made within the city limits. Dells Fireworks cites no authority for a contrary position.

Dells Fireworks' final challenge is to the requirements imposed on sales to organizations having permits. These sales must involve at least $250, with payment on drafts or checks containing the organization's name, and delivery must be to the organization's business office. These remedial sanctions for contempt are a proper exercise of the trial court's discretion. The issue of WFA members' authority to purchase fireworks was fully argued on the summary judgment motion and the trial court explained in detail its reasoning on this issue in its oral decision granting summary judgment. The evidence at the contempt hearing supports the court's finding that Dells Fireworks intentionally violated the injunction by selling to individuals who purchased memberships by means of the modified forms. The requirements the court imposed for sales to organizations are designed to prevent continuing manipulation of membership in WFA or other organizations. The trial court could reasonably conclude that absent such requirements, Dells Fireworks would continue to devise methods for selling to individuals who do not have valid permits and are not authorized agents of an organization that does.

*By the Court.*—Judgment and order affirmed.