HAGEDORN, J.[1]
¶ 1 Robert Hutchinson appeals after the circuit court found him in contempt and imposed sanctions for violation of court orders not to publicly disclose confidential customer information. We affirm.
BACKGROUND
¶ 2 The underlying case arose from Hutchinson's buyout of Thomas Tefelske from Metallurgical Associates, Inc. (MAI), a business the pair founded together. Tefelske filed suit in Waukesha County pleading a host of theories based on allegations that Hutchinson and MAI failed to honor a stock redemption agreement.[2] Hutchinson responded on behalf of MAI and himself with an answer and counterclaims.
¶ 3 Early in the litigation, the parties entered into a stipulation regarding the treatment of confidential information. The circuit court entered an order declaring that the confidentiality stipulation would govern the action.
¶ 4 In November 2015, a separate action for the receivership of MAI was filed in Waukesha County. While the particulars of MAI's receivership are not important, a few facts are helpful. MAI's receivership led to most of its assets being sold to Tefelske.[3] This transaction was memorialized in an asset purchase agreement signed by Tefelske and the court-appointed receiver.[4] Attached to the agreement was an alphabetized list of MAI's customers with their respective sales figures from the preceding four years.[5] Hutchinson's eventual disclosure of this customer list-which was treated as confidential throughout the receivership action-underlies this appeal.
¶ 5 On January 17, 2017, Hutchinson wrote a letter to the court handling the original action requesting that all filings that had been made on his behalf be unsealed. Hutchinson explained that he needed those filings for his pending litigation against his former counsel in Milwaukee County. According to Hutchinson, his former counsel had made numerous filings under seal without providing copies to him. Tefelske objected to this request with notice that the malpractice action had already concluded with a judgment against Hutchinson.
¶ 6 Thereafter, Hutchinson formally moved the court to unseal the record. Attached to the motion was a letter Hutchinson had written to the receivership court that included a list of MAI customers. This motion was not filed under seal. Tefelske objected and reserved the right to move for sanctions due to Hutchinson's disclosure of confidential customer information.
¶ 7 On February 27, 2017, at a hearing on the motion, the court explained that, in filing the letter not under seal, Hutchinson violated the confidentiality stipulation and order by publicly disclosing the identities of MAI customers. The court then warned Hutchinson that greater sanctions would be imposed if he improperly disclosed confidential information again. The court later entered an order denying the motion to unseal the record and ordered Hutchinson to pay Tefelske's costs. The court also directed that a copy of the order and hearing transcript be provided to the receivership court.
¶ 8 The court's warnings notwithstanding, on June 23, 2017-just short of four months later-Hutchinson filed an affidavit "in response to false and misleading statements" made by Tefelske's counsel during the proceedings on his motion to unseal. Attached to the affidavit was the asset purchase agreement, including the attached customer list. The affidavit and its attachments were again not filed under seal. Tefelske's subsequent motion to seal the affidavit and redact the customer list from the court record was granted in full.
¶ 9 Tefelske also moved for contempt and asked that sanctions be imposed against Hutchinson for improper disclosure of confidential information. In his motion, Tefelske indicated that Hutchinson had twice attached the same customer list to an unsealed filing in the receivership action, each time forcing the attorney for the receiver to move for the record to be sealed and redacted. After a hearing, the circuit court granted the motion, finding Hutchinson in contempt and ordering judgment in favor of Tefelske in the amount of $11,368.50. The court's order explained that Hutchinson could purge the contempt by paying the judgment in full within sixty days. If Hutchinson defaulted payment, he would be required to serve six months in jail. Hutchinson now appeals.
DISCUSSION
¶ 10 Hutchinson challenges the circuit court's finding of contempt on the grounds that disclosing the customer list did not violate any applicable court order or statute. We disagree and affirm.
¶ 11 Courts may impose remedial sanctions for the purpose of terminating a continuing contempt of court. WIS. STAT. §§ 785.01(3), 785.02. Contempt of court is defined, in part, as "intentional ... [d]isobedience, resistance or obstruction of the authority, process or order of a court." Sec. 785.01(1)(b). We review a circuit court's use of its contempt power for an erroneous exercise of discretion. City of Wisconsin Dells v. Dells Fireworks, Inc. , 197 Wis. 2d 1, 23, 539 N.W.2d 916 (Ct. App. 1995).
¶ 12 At the contempt hearing, the circuit court found Hutchinson's public disclosure of the customer list violated both the confidentiality stipulation and order and its February 27, 2017 order that he not further disclose confidential information. The court described Hutchinson's filing as serving no legitimate purpose and instead being an effort to "undermine the value of that list to the embarrassment of [Hutchinson's] former customers and to the detriment of" MAI and Tefelske. To this specific determination, the court explained that prior to Tefelske's acquisition of MAI's assets through receivership, Hutchinson had wanted the customers' identities to be confidential. After the receivership case, the value of that information shifted to Tefelske, which in turn fueled Hutchinson's subsequent behavior. Given this, the court found that Hutchinson's motion to unseal the record was essentially designed to reveal the customer list. Filing the affidavit revealing the list, the court concluded, was "contemptuous" and "[v]ery devious behavior." Noting Hutchinson's pattern of violating its orders, the court imposed sanctions to account for each incident and to terminate the ongoing contempt.
¶ 13 Hutchinson posits that the circuit court erred because he did not violate any court order or other law. The specific customer list he disclosed was, he maintains, never designated as confidential pursuant to the relevant procedural requirements in the parties' confidentiality stipulation. Hutchinson likewise contends that the court never expressly prohibited his disclosure of the asset purchase agreement, and therefore, his disclosure of the attached customer list was permissible.
¶ 14 Hutchinson's theory goes nowhere. His contention ignores the circuit court's finding that for a vast majority of the proceedings below he was the party insisting that information identifying MAI customers was to be held among the most confidential pursuant to the stipulation. The court also found his reversal from that position after he had lost the value of keeping such information private to be stark, self-interested, and indicative of an improper motive. These findings followed unrebutted explanation from Tefelske's counsel that the parties had treated customer names as confidential throughout the proceedings. Counsel added that Hutchinson's own counsel had originally devised the confidentiality stipulation in order to protect the identities of MAI's customers in light of MAI's business of conducting metallurgical failure analysis. He also described instances during discovery where Hutchinson-who still owned MAI's assets at the time-insisted on using the stipulation to designate documents naming MAI customers as confidential. During the February 27, 2017 hearing, the circuit court found that Hutchinson violated the confidentiality stipulation and order by disclosing customer names and informed him that his further disclosure of any confidential information would lead to sanctions. Four months later, Hutchinson filed the customer list. Thus, Hutchinson's argument that the precise list attached to the asset purchase agreement did not follow procedural requirements in the stipulation does not track with the court's reasonable and correct finding that the list, in its various forms, was deemed and understood to be confidential. After that finding, the court was well within its authority to exercise its contempt power.
¶ 15 Hutchinson finally asserts that sanctions were not warranted because any violation of a court order was unintentional. The circuit court flatly rejected Hutchinson's claim that he was unaware his affidavit would constitute a filing with the court in violation of the confidentiality stipulation and order. We see no reason to overturn this finding.
¶ 16 In short, the evidence before the circuit court supports its finding that Hutchinson violated its orders prohibiting the disclosure of confidential information. Given his pattern of violative behavior, the court could reasonably conclude that imposing remedial sanctions was necessary to foreclose Hutchinson's continuing contempt.[6]
By the Court. -Judgment and order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)4.

This appeal is decided by one judge pursuant to Wis. Stat. § 752.31(2)(h) (2015-16). All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.

Tefelske was joined by his wife and a close corporation the Tefelskes owned as named plaintiffs, while Hutchinson's wife was also named as a defendant. This appeal is between the named plaintiffs and Hutchinson, individually. For readability, this opinion will refer to the parties collectively and respectively as Tefelske and Hutchinson.

Following the sale, Tefelske acquired control of the trade name "Metallurgical Associates, Inc." Hutchinson remained in control of the old, asset-less entity, which was rebranded "Old Metallurgical Associates, Inc."

The receiver sent Hutchinson a copy of the agreement after the authorized assets were sold.

After the agreement was entered, Hutchinson contested the inclusion of MAI's books and records within the assets sold to Tefelske. In December 2016, the receivership court ordered that the books and records were among the purchased assets. In his brief, Hutchinson notes that this issue is the subject of a contemporaneous appeal.

On appeal, Tefelske seeks an order requiring Hutchinson to pay all costs and attorney's fees incurred in defending this appeal and barring Hutchinson from pursuing further litigation until that award is paid. He contends that Hutchinson's appeal was filed in bad faith "solely for the purpose of harassing his former business partner" and without a reasonable basis in law or equity. Although we find little merit to Hutchinson's arguments on appeal, we decline to award sanctions and deny Tefelske's motion.