**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**May 11, 2021**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2018AP964**

STATE OF WISCONSIN

Cir. Ct. No. **1996CF576**

IN COURT OF APPEALS
DISTRICT III

---

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

  V.

JONATHAN L. LIEBZEIT,

    DEFENDANT-APPELLANT.

---

      APPEAL from an order of the circuit court for Outagamie County: JOHN A. DES JARDINS, Judge. *Affirmed*.

      Before Stark, P.J., Hruz and Seidl, JJ.

      **Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM.  Jonathan Liebzeit appeals an order denying his WIS. STAT. § 974.06 (2019-20),[1] motion for a new trial.  Liebzeit argues that the circuit court erred by denying his motion without holding a previously scheduled evidentiary hearing or otherwise permitting Liebzeit to further amend his motion or reply to the State's response.  For the reasons discussed below, we reject Liebzeit's arguments, and we affirm the order.

## BACKGROUND

¶2    In October 1996, the State charged Liebzeit with first-degree intentional homicide and hiding a corpse, both counts as party to a crime.  The State alleged that Liebzeit, Dan Mischler and James Thompson were responsible for beating Alex Schaefer with a bat, drowning him and hiding his body in a drainage tunnel.  A jury found Liebzeit guilty of the crimes charged, and the circuit court sentenced him to life in prison without the possibility of parole.

¶3    Liebzeit, by appointed counsel, filed a WIS. STAT. RULE 809.30 postconviction motion for a new trial, alleging that the circuit court erred when it deviated from a scripted jury instruction and when it responded to a jury question on unanimity.  Liebzeit further claimed he was deprived of his due process right to be present when the court and counsel formulated an answer to the jury question.  Additionally, Liebzeit asserted that his trial counsel was ineffective by failing to: (1) object to the use of verdict forms that were purportedly inconsistent with the pattern jury instructions on transitioning from the greater- to lesser-included offense; (2) object when the court deviated from the agreed-upon instructions; and

---

[1] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

(3) object to the court's answer to the jury's question on unanimity. After a *Machner*[2] hearing, the circuit court denied the motion. On direct appeal, we rejected Liebzeit's arguments and affirmed the judgment and order. *See State v. Liebzeit*, No. 1998AP1057-CR, unpublished slip op. (WI App Sept. 28, 1999).

¶4      In February 2017, Liebzeit filed the underlying WIS. STAT. § 974.06 postconviction motion for a new trial, challenging the effectiveness of his trial counsel with seven new claims. The twice-amended postconviction motion alleged that trial counsel was ineffective by: (1) failing to move for the jury to see the crime scene or to otherwise recreate the confines of the tunnel so as to show Liebzeit could not have hit Schaeffer in the head with a bat with the force described by pathologists; (2) failing to object to medical examiner testimony on the "ultimate issue"—whether Schaeffer's injuries were consistent with intentional, as opposed to accidental, injuries; (3) failing to pursue a jury instruction on the voluntary intoxication defense; (4) conceding Liebzeit's guilt on elements of an offense; (5) failing to object or move for a mistrial based on alleged violations of Liebzeit's Fifth Amendment right to be free from self-incrimination; (6) failing to present evidence of alleged incentives to a State's witness; and (7) failing to present evidence that the same witness wanted the men to beat up Schaeffer and would not have been able to overhear conversations that witness testified about at trial. Liebzeit added that his postconviction counsel was ineffective by failing to raise the same issues or to otherwise assert that the combination of "failures" was grounds for a new trial.

---

[2] *See State v. Machner*, 92 Wis. 2d 797, 285 N.W.2d 905 (Ct. App. 1979).

¶5    Liebzeit further asserted that some of his ineffective assistance claims alternatively constituted newly discovered evidence justifying a new trial. He also sought resentencing on the basis of alleged new factors—specifically, that he could not have caused the injuries given the tight confines of the tunnel, and that he was "highly intoxicated" at the time of the incident. Liebzeit additionally sought a new trial in the interest of justice.

¶6    After a two-day evidentiary hearing was scheduled, the State filed its response to the motion. The circuit court ultimately denied the postconviction motion without holding the scheduled hearing. Liebzeit moved for reconsideration, but he filed a notice of appeal before the court issued any decision on the reconsideration motion.

## DISCUSSION

¶7    When, as here, a WIS. STAT. § 974.06 motion follows a prior postconviction motion, a defendant must show a "sufficient reason" for failing to previously raise the issues in the current motion. *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 184-85, 517 N.W.2d 157 (1994). We determine the sufficiency of a defendant's reason for failing to previously raise the issue by examining the "four corners" of the subject postconviction motion. *See State v. Allen*, 2004 WI 106, ¶27, 274 Wis. 2d 568, 682 N.W.2d 433.

¶8    As an initial matter, we note that Liebzeit's initial brief challenges only the circuit court's rulings on his ineffective assistance of counsel claims. Because Liebzeit has effectively abandoned the other issues raised in his WIS. STAT. § 974.06 motion, we need not address them. *See State v. Flynn*, 190 Wis. 2d 31, 39 n.2, 527 N.W.2d 343 (Ct. App. 1994) (issues raised but not briefed or argued are deemed to be abandoned).

¶9 Ineffective assistance of postconviction counsel may, in some circumstances, be a "sufficient reason" as to why an issue was not raised in an earlier proceeding. *State ex rel. Rothering v. McCaughtry*, 205 Wis. 2d 675, 681-82, 556 N.W.2d 136 (Ct. App. 1996). A claim of ineffective assistance of counsel must establish that counsel's performance was deficient and that the defendant was prejudiced by that deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). When the relief sought is a new trial based upon an allegation that postconviction counsel failed to raise material issues before the circuit court, a defendant must establish that the issues he or she believes counsel should have raised were clearly stronger than the claims counsel pursued on direct review. *State v. Romero-Georgana*, 2014 WI 83, ¶¶45-46, 360 Wis. 2d 522, 849 N.W.22d 668. In doing so, the defendant must allege "sufficient material facts—e.g., who, what, where, when, why, and how—that, if true, would entitle him to the relief he seeks." *Id.*, ¶58.

¶10 As the *Romero-Georgana* court recognized, the "clearly stronger" pleading standard applies when evaluating the deficiency prong of the *Strickland* test. *Id.*, ¶45. In turn, the prejudice inquiry asks whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693. However, "a defendant need not prove the outcome would 'more likely than not' be different in order to establish prejudice in ineffective assistance cases." *State v. Sholar*, 2018 WI 53, ¶44, 381 Wis. 2d 560, 912 N.W.2d 89 (citing *Strickland*, 466 U.S. at 693).

5

¶11 A defendant may not rely on conclusory allegations in his or her postconviction motion, hoping to supplement them at an evidentiary hearing. *See State v. Bentley*, 201 Wis. 2d 303, 313-18, 548 N.W.2d 50 (1996). Whether a WIS. STAT. § 974.06 motion alleges a sufficient reason for failing to raise an issue earlier is a question of law that we review independently. *State v. Kletzien*, 2011 WI App 22, ¶16, 331 Wis. 2d 640, 794 N.W.2d 920.

¶12 Here, the ineffective assistance of counsel issues raised in Liebzeit's WIS. STAT. § 974.06 motion could have been raised on direct review. Therefore, to circumvent *Escalona-Naranjo*'s procedural bar, Liebzeit was required to establish the ineffectiveness of his postconviction counsel in failing to raise the issues earlier. Liebzeit's motion, however, failed to allege sufficient material facts regarding postconviction counsel's performance. An evidentiary hearing is not a "fishing expedition," and the circuit court and the State "are entitled to know what is expected to happen at the hearing, and what the defendant intends to prove." *State v. Balliette*, 2011 WI 79, ¶68, 336 Wis. 2d 358, 805 N.W.2d 334.

¶13 Liebzeit's WIS. STAT. § 974.06 motion made only conclusory allegations that his postconviction counsel was ineffective by failing to pursue his present challenges to the effectiveness of his trial counsel. In particular, his motion failed to allege the "who, what, where, when, why, and how" that, if true, would entitle him to the relief sought. *See Romero-Georgana*, 360 Wis. 2d 522, ¶58. In fact, Liebzeit acknowledges on appeal that he failed to argue the "clearly stronger" standard, noting that his motions did not "explicitly compare[] the strength of the issues those motions raised to the strength of the issues raised on direct appeal."

¶14     Liebzeit nevertheless suggests that a "technical" application of the "clearly stronger" pleading standard would have been too onerous in this case, as it would have required eighteen different discussions, comparing each of the six WIS. STAT. § 974.06 issues to each of the three WIS. STAT. RULE 809.30 issues. Liebzeit, however, fails to provide any legal authority to support the proposition that it is somehow unfair to require him to fully address multiple issues in his postconviction motion, nor does he establish why any difficulty in doing so should make a difference in our analysis. We will not consider arguments unsupported by legal authority. *State v. Shaffer*, 96 Wis. 2d 531, 545-46, 292 N.W.2d 370 (Ct. App. 1980).

¶15     Liebzeit also emphasizes that the circuit court addressed the merits of his motions despite his failure to satisfy the "clearly stronger" pleading standard. Liebzeit, however, fails to explain how the court's decision to address the merits exempts him from the pleading requirement. To the extent Liebzeit suggests the court could assume his current issues were clearly stronger given the brevity of this court's decision on Liebzeit's direct appeal, he again offers no legal support for this claim.

¶16     Because Liebzeit failed to address whether the arguments raised in his WIS. STAT. § 974.06 motion were clearly stronger than the claims postconviction counsel raised on direct review, he has failed to show a sufficient reason to circumvent the procedural bar. Therefore, the circuit court properly denied the motion without a hearing. *See Allen*, 274 Wis. 2d 568, ¶9 (a circuit court may deny a postconviction motion without a hearing if the motion presents only conclusory allegations or if the record otherwise conclusively demonstrates the defendant is not entitled to relief).

7

¶17 Liebzeit nevertheless faults the circuit court for scheduling the motion hearing and then "pulling the plug" after receiving only the State's objections and no response from the defense. The burden, however, was on Liebzeit to adequately plead his motion. *See Balliette*, 336 Wis. 2d 358, ¶¶65, 70. When he failed to do so, despite twice amending his motion, the court had discretion to deny it without a hearing. *See Romero-Georgana*, 360 Wis. 2d 522, ¶30. To the extent Liebzeit attempts to use his reconsideration motion to attempt to fill in the gaps of his WIS. STAT. § 974.06 motions, any arguments related to the reconsideration motion are not properly before us because the circuit court never ruled on the motion—because Liebzeit filed a notice of appeal in the interim. *See Ramsthal Advert. Agency v. Energy Miser, Inc.*, 90 Wis. 2d 74, 75, 279 N.W.2d 491 (Ct. App. 1979) (holding that a judgment or order must be reduced to writing and filed with the clerk of the circuit court before an appeal can be taken).

¶18 In his reply brief, Liebzeit, by new counsel, withdraws three of the ineffective assistance of counsel claims pursued in his initial brief and he renews arguments that were abandoned in the initial brief, including his claim that newly discovered evidence required an evidentiary hearing in the interest of justice. This court generally declines to consider arguments raised for the first time in a reply brief, as "[i]t is inherently unfair for an appellant to withhold an argument from its main brief and argue it in its reply brief because such conduct would prevent any response from the opposing party." *A.O. Smith Corp. v. Allstate Ins. Cos.*, 222 Wis. 2d 475, 492, 588 N.W.2d 285 (Ct. App. 1998). We are not persuaded in this instance to depart from our general rule.

8

*By the Court*.—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.