STATE of Wisconsin, Plaintiff-Respondent,

v.

Casey J. SCHNECK, Defendant-Appellant.

Court of Appeals

*No. 02–0513–FT. Submitted on briefs July 23, 2002.—Decided August 21, 2002.*

2002 WI App 239

(Also reported in 652 N.W.2d 434.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Mark A. Phillips* of *Law Offices of Mark A. Phillips, S.C.* of Brookfield.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Kevin M. Osborne* assistant district attorney of Waukesha.

Before Nettesheim, P.J., Anderson and Snyder, JJ.

¶ 1. NETTESHEIM, P.J.   Casey J. Schneck challenges the trial court's ruling that the summary judgment procedure set out in WIS. STAT. § 802.08

(1999–2000)[1] is not permitted in a traffic forfeiture prosecution under Wis. Stat. ch. 345. We affirm the trial court's ruling.

## FACTS AND PROCEDURAL HISTORY

¶ 2.    The facts and procedural history of this case are brief and undisputed. Schneck was issued a uniform traffic citation for knowingly transporting alcohol in a motor vehicle as an underage person pursuant to Wis. Stat. § 346.93(1). The matter was prosecuted as a forfeiture action in the circuit court pursuant to Wis. Stat. ch. 345. Schneck pled not guilty and then filed a motion for summary judgment. The State challenged Schneck's attempt to use summary judgment. Following a hearing, the trial court issued a written decision holding that summary judgment was not available in a prosecution under ch. 345.

¶ 3.    Schneck filed a petition for leave to appeal the trial court's nonfinal order. We previously granted the petition.

## DISCUSSION

¶ 4.    Schneck rests his case squarely on the language of Wis. Stat. § 801.01(2) which states, in part:

Scope. Chapters 801 to 847 govern procedure and practice in circuit courts of this state in all civil actions and special proceedings whether cognizable as cases at law, in equity or of statutory origin except where different procedure is prescribed by statute or rule.

¶ 5.    Schneck's argument is simple and straightforward. He correctly observes that forfeiture actions are civil actions. *State v. Peterson*, 104 Wis. 2d 616, 622

---

[1] All references to the Wisconsin Statutes are to the 1999–2000 version.

n.7, 312 N.W.2d 784 (1981). He also correctly observes that WIS. STAT. ch. 345 does not expressly bar summary judgment or recite a different procedure. From this, Schneck concludes that WIS. STAT. § 801.01(2) provides the green light for a summary judgment motion in a ch. 345 forfeiture prosecution.

¶ 6. In further support, Schneck points to *State v. Brown*, 215 Wis. 2d 716, 724, 573 N.W.2d 884 (Ct. App. 1997), where the court of appeals held that the right of judicial substitution existed in a WIS. STAT. ch. 980 commitment proceeding because the commitment statutes are silent on the matter of substitution and therefore did not provide a "different procedure" under WIS. STAT. § 801.01(2). The *Brown* court cited analogous rulings in *State v. Jody A.E.*, 171 Wis. 2d 327, 491 N.W.2d 136 (Ct. App. 1992), and *Hoberg v. Berth*, 157 Wis. 2d 717, 460 N.W.2d 436 (Ct. App. 1990), where the court of appeals ruled that § 801.01(2) permitted joinder in a paternity proceeding (*Jody A.E.*) and discovery in a probate proceeding (*Hoberg*).

¶ 7. We have no quarrel with Schneck's analysis as far as it goes. However, it does not go far enough. Other case law establishes that the test for the application of the civil rules of procedure is not only whether the statutes governing the instant proceeding are silent on the matter or otherwise set out a different procedure, but also whether the instant proceeding can be reconciled with the rules of civil procedure. This was the approach taken by the trial court when it concluded that a WIS. STAT. ch. 345 forfeiture prosecution could not be reconciled with the summary judgment procedure set out in WIS. STAT. § 802.08. We agree.

■

¶ 8. We begin with the well-recognized and often stated methodology of summary judgment, recently

repeated in *Servais v. Kraft Foods, Inc.*, 2001 WI App 165, ¶ 5, 246 Wis. 2d 920, 631 N.W.2d 629, *aff'd*, 2002 WI 42, 252 Wis. 2d 145, 643 N.W.2d 92. We first examine the complaint to determine whether it states a claim and then review the answer to determine whether it joins a material issue of fact or law. If we conclude that the complaint and answer are sufficient to join issue, we examine the moving party's affidavits to determine whether they establish a prima facie case for summary judgment. If they do, we look to the opposing party's affidavits to determine whether there are any material facts in dispute that entitle the opposing party to a trial. *Id.*

¶ 9. The summary judgment statute, WIS. STAT. § 802.08(1), contemplates a summons and complaint: "[a] party may, within 8 months of the filing of a summons and complaint or within the time set in a scheduling order under s. 802.10, move for summary judgment . . . ." Pursuant to WIS. STAT. § 801.09, a summons must contain, among other things, "A direction to the defendant . . . to serve upon plaintiff's attorney . . . an answer to the complaint." Pursuant to WIS. STAT. § 802.06(2), every defense in law or fact (except improper venue) must be asserted in a responsive pleading.[2] With these pleadings in place, a party may then bring a motion for summary judgment. Armed with these pleadings, particularly the defendant's answer, the trial court can then perform the threshold steps of summary judgment methodology— determine whether the plaintiff's complaint states a

---

[2] WISCONSIN STAT. § 802.06(2) also permits certain defenses to be raised by motion at the option of the pleader.

claim and, if so, whether the defendant's answer has joined material issues of fact or law. *Servais,* 2001 WI App 165 at ¶ 5.

¶ 10.   We now compare this methodology with the procedure in a WIS. STAT. ch. 345 forfeiture proceeding. WISCONSIN STAT. § 345.11 authorizes the uniform traffic citation and recites what it must contain. The citation "shall be deemed adequate process to give the appropriate court jurisdiction over the person" pursuant to § 345.11(5) and it "shall stand as a complaint" pursuant to WIS. STAT. § 345.40. However, there is nothing in ch. 345 that requires or contemplates the kind of responsive pleading that would enable a trial court to determine if a material issue of fact or law has been joined. Instead, ch. 345 envisions only the following responses to a uniform traffic citation:   a plea of guilty, no contest or not guilty pursuant to § 345.40; and a motion to dismiss based on "[d]efenses which could be taken by pleas in abatement, in bar, demurrers and motion to quash" pursuant to WIS. STAT. § 345.41. In short, a trial court cannot perform even the rudimentary initial steps of summary judgment methodology because the responses contemplated by these statutes are not the equivalent of an answer in a conventional civil action.

¶ 11.   In *State v. Hyndman,* 170 Wis. 2d 198, 488 N.W.2d 111 (Ct. App. 1992), the defendant sought pretrial dismissal of a criminal charge by summary judgment. He relied on WIS. STAT. § 972.11(1) which provides, similar to WIS. STAT. § 801.01(2), that the rules of civil procedure apply in criminal proceedings unless the context of the criminal code requires a different construction. *Hyndman,* 170 Wis. 2d at 204–05. The court of appeals rejected the attempted use of summary judgment. The court said, "The context of

sec. 802.08(1) manifestly requires that it not be applied to criminal actions. The words 'summons[,] . . . scheduling order[,] . . . claim, counterclaim, cross-claim or 3rd party claim' are foreign to criminal pleadings and procedure and are solely within the domain of civil law." *Hyndman*, 170 Wis. 2d at 206. Although the instant case is a civil case, we make the same observation. In describing a uniform traffic citation, WIS. STAT. ch. 345 does not use the term "summons." Similarly, the chapter does not contemplate or use the terms "scheduling order, claim, counterclaim, cross-claim or 3rd party claim." Just as these terms are foreign to criminal proceedings so also are they foreign to ch. 345 prosecutions.

¶ 12.  *Hyndman* supports our ruling on a further basis. The *Hyndman* court also said, "A plea of 'not guilty' creates material issues of fact for the trier of fact to decide. Summary judgment lies only when no material issues of fact exist and a party, as a matter of law, is entitled to judgment." *Hyndman*, 170 Wis. 2d at 205. In the instant case, Schneck pled not guilty. Just as the not guilty plea in *Hyndman* created material issues of fact for trial, WIS. STAT. § 345.40 echoes the same theme. The statute says, in part, "A plea of not guilty shall put all matters in such case at issue." Although *Hyndman* is a criminal case whereas this is a forfeiture case, § 345.40 commands the same result as in *Hyndman*.

¶ 13.  We also note that *Brown*, the very case on which Schneck relies, debunks his contention that the silence of WIS. STAT. ch. 345 on the topic of summary judgment means that summary judgment is allowed. There, the amicus curiae argued that the substitution of judge provisions were "incompatible" with a WIS. STAT. ch. 980 commitment proceeding. *Brown*, 215 Wis.

2d at 724. The court of appeals rejected that argument saying that "mere alleged incompatibility" was not enough. *Id.* at 725. Instead, the court required "explicit or implicit prescription by the statute of a 'different procedure.'" ' *Id.* As our comparative analysis has already demonstrated, a ch. 345 forfeiture action does not accommodate summary judgment procedure because it does not allow for the kind of responsive pleading envisioned by Wis. Stat. § 802.08. At a minimum, ch. 345 implicitly rejects the notion of summary judgment.

¶ 14.   The supreme court has also recognized that mere silence regarding a rule of civil procedure does not automatically mean that the procedure is permitted. In *David S. v. Laura S.*, 179 Wis. 2d 114, 143–44, 507 N.W.2d 94 (1993), the court held that although Wis. Stat. ch. 48 did not prescribe a different procedure for intervention, the intervention statute nonetheless did not apply because it was not "consistent with the purposes and policies underlying the statutory proceedings set forth in ch. 48 which limit the persons who must be notified of the proceedings." Later, the court of appeals construed *David S.* as requiring a court "to look not only for distinct differences in procedure, but also to whether the procedures established in the different chapters are consistent." *State v. Tammy F.*, 196 Wis. 2d 981, 986, 539 N.W.2d 475 (Ct. App. 1995). Again, our comparative analysis of a Wis. Stat. ch. 345 procedure versus summary judgment procedure reveals that the two procedures are not only different but are inherently inconsistent. In short, summary judgment is unworkable in a ch. 345 forfeiture action.

¶ 15.   Finally, we take note that although Wis. Stat. ch. 345 forfeiture proceedings are civil proceed-

ings, *Peterson*, 104 Wis. 2d at 622 n.7, such proceedings also have certain aspects of criminal proceedings, *see Village of Menomonee Falls v. Kunz*, 126 Wis. 2d 143, 147, 376 N.W.2d 359 (Ct. App. 1985). The supreme court has noted many of the similarities in procedure between a forfeiture action and a criminal action, and the court has cautioned that "it is an oversimplification to treat forfeiture actions as purely civil in nature."[3] *City of Milwaukee v. Wuky*, 26 Wis. 2d 555, 562, 133 N.W.2d 356 (1965). We properly bear that caution in mind, recognizing that if we agreed with Schneck, then prosecutors could also use summary judgment as a sword against defendants in ch. 345 forfeiture prosecutions. Although the State resists the effort in this case, we daresay that most prosecutors would delight at the prospect of having summary judgment as a tool for obtaining convictions in forfeiture cases.

## CONCLUSION

¶ 16. Summary judgment procedure is inconsistent with, and unworkable in, a WIS. STAT. ch. 345 forfeiture proceeding. We uphold the trial court's rejection of Schneck's summary judgment motion. We remand for further proceedings.

*By the Court.*—Order affirmed and cause remanded.

---

[3] We echoed these same concerns by dicta in our opinion in *State ex rel. Schaeve v. Van Lare*, 125 Wis. 2d 40, 44 n.3, 370 N.W.2d 271 (Ct. App. 1985).