STATE of Wisconsin, Plaintiff-Respondent,

v.

Darin W. BARATKA, Defendant-Appellant.†

Court of Appeals

*No 02–0770. Submitted on briefs September 5, 2002.—Decided October 1, 2002.*

2002 WI App 288

(Also reported in 654 N.W.2d 875.)

† Petition to review denied 2-19-03.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Michael C. Witt* of *Monogue & Witt, S.C.*, Jefferson.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Patrick G. Schilling*, Phillips.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. PETERSON, J.[1] Darin W. Baratka appeals from an order revoking his driver's license because he unlawfully refused to submit to a chemical test, in violation of WIS. STAT. § 343.305(9). Baratka presents two arguments on appeal: (1) the trial court erred by determining that the State's failure to respond to requests for admission was excusable neglect; and (2) Baratka was not properly informed of his rights regarding the chemical testing, and he did not refuse this testing. We disagree and accordingly affirm the order.

## FACTS

¶ 2. On June 14, 2001, Baratka was stopped by an officer from the Phillips Police Department for alleged traffic violations. The officer noticed physical traits and behavior indicating that Baratka might be under the influence of an intoxicant. When the officer asked Baratka to perform field sobriety tests, Baratka produced an "assertion of rights" card and asked for a lawyer. The officer responded that he had a right to conduct these tests under the implied consent law, as well as to take samples of Baratka's blood, breath or urine. After Baratka continued to assert his right to decline the field tests, he was placed under arrest for operating a motor vehicle while under the influence of an intoxicant in violation of WIS. STAT. § 346.63(1)(a).

¶ 3. At the sheriff's department, the officer read Baratka the Informing the Accused form. Baratka stated that he did not understand and requested an attorney. The officer stated that Baratka did not have a

---

[1] Originally assigned as a one-judge appeal, this case was reassigned to a three-judge panel on September 26, 2002. *See* WIS. STAT. RULE 809.41(3) (1999–2000). All references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise noted.

right to an attorney at that stage. The officer reread the form and Baratka again stated that he did not understand and wanted to speak to an attorney. The officer then marked on the form that Baratka refused chemical testing.

¶ 4.   On July 12, 2001, Baratka requested a hearing and submitted a request for admissions pursuant to WIS. STAT. § 804.11. When the State did not respond, Baratka moved for summary judgment. The State then responded to the request for admissions, denying each of them. The State also filed a motion to withdraw its admissions. The prosecutor filed an affidavit stating that he thought he had obtained an extension of time for answering the requests. Baratka's attorneys denied this.

¶ 5.   At a hearing held on November 21, the court allowed the State to withdraw the admissions, finding excusable neglect. The court then extended the time to respond to the requests to the day when the State responded.

¶ 6.   A refusal hearing was held on March 11, 2002. The court found that Baratka was properly informed of his rights, that the information regarding the chemical testing was correct and that there was no evidence that Baratka actually had difficulty understanding the Informing the Accused form. Therefore, the court found that Baratka had refused chemical testing and revoked his operating privileges. Baratka appeals.

## STANDARD OF REVIEW

¶ 7.   Application of the implied consent statute to an undisputed set of facts is a question of law that we review independently. Similarly, reconciling constitu-

tional considerations of due process and equal protection with the requirements of the implied consent statute involve questions of law, which we also review independently. *State v. Piddington*, 2001 WI 24, ¶ 13, 241 Wis. 2d 754, 623 N.W.2d 528. To the extent the circuit court's decision involves findings of evidentiary or historical facts, those findings will not be overturned unless they are clearly erroneous. *State v. Eckert*, 203 Wis. 2d 497, 518, 553 N.W.2d 539 (Ct. App. 1996).

## ANALYSIS

I. Summary Judgment

¶ 8.   Baratka argues that the trial court erred in finding that the State's failure to respond to his request for admissions constituted excusable neglect. As a result, Baratka claims that his motion for summary judgment should have been granted.

¶ 9.   This court recently determined that summary judgment does not apply in a traffic forfeiture prosecution under WIS. STAT. ch. 345. *See State v. Schneck*, 2002 WI App 239, 652 Wis. 2d 434, 652 N.W.2d 434. In that case, Schneck was issued a citation for knowingly transporting alcohol in a motor vehicle as an underage person pursuant to WIS. STAT. § 346.93(1). He pled not guilty and filed a motion for summary judgment.

¶ 10.   We explained that in order to award summary judgment, the court must "determine whether the plaintiff's complaint states a claim and, if so, whether the defendant's answer has joined material issues of fact or law." *Id.* at ¶ 9. WISCONSIN STAT. ch. 345 proceedings do not conform to this procedure. While a citation stands as a complaint, nothing in ch. 345 requires a

347

responsive pleading that would allow a court to decide if there is a material issue of fact or law. *Id.* at ¶ 10. Chapter 345 requires only pleas of guilty, not guilty or no contest. These are not the equivalent of an answer in a civil action. *Id.* Additionally, summary judgment is not applicable because civil procedure terms such as "summons," "scheduling order," "claim," "counterclaim" and "third-party claim" are foreign to traffic forfeiture pleadings and procedure. *Id.* at ¶ 11. Thus, we held summary judgment is not available in ch. 345 cases. *Id.* at ¶ 16.

¶ 11.  The same reasoning applies to a refusal proceeding under WIS. STAT. ch. 343. As in WIS. STAT. ch. 345 proceedings, ch. 343 does not require responsive pleadings that would allow the court to determine if there is a material issue of fact or law. Additionally, the same civil procedure terms that are absent in ch. 345 are likewise absent in ch. 343. As a result, summary judgment is inapplicable in ch. 343 hearings. Because we hold that summary judgment is not available in this case, it is not necessary to address Baratka's argument about the request for admission.[2]

II. Refusal to Submit to Chemical Testing

■

¶ 12.  Baratka claims that he was not properly informed of his choices and was therefore unable to understand his rights regarding chemical testing. In order for Baratka to prove he was not adequately informed, he must show:

---

[2] Based on our decision in *State v. Schneck*, 2002 WI App 239, 257 Wis. 2d 704, 652 N.W.2d 434, we question whether requests for admission are permissible in refusal and traffic cases.

1. Has the law enforcement officer not met, or exceeded his or her duty under §§ 343.305(4) and 343.305(4m) to provide information to the accused driver;

2. Is the lack or oversupply of information misleading; and

3. Has the failure to properly inform the driver affected his or her ability to make the choice about chemical testing[.]

*County of Ozaukee v. Quelle*, 198 Wis. 2d 269, 280, 542 N.W.2d 196 (Ct. App. 1995).

¶ 13. The officer incorrectly stated that he had a right under the implied consent law to perform field sobriety tests. As a result, Baratka argues that this misleading statement interfered with his ability to understand his rights. Therefore, he argues he was unable to make an informed choice and did not know that his assertion of rights would amount to a refusal.

¶ 14. While the officer was mistaken regarding the right to require Baratka to perform field tests, there was no misinformation regarding the request for chemical testing. The officer's right to request the test was properly stated when the officer read the Informing the Accused form. In fact, Baratka does not identify how any misinformation about the field tests affected his understanding of the chemical testing.

¶ 15. Additionally, Baratka argues that he never verbally or physically refused testing. However, when asked to submit to a test, rather than respond he twice requested to speak to an attorney. Repeated requests for an attorney can amount to a refusal as long as the officer informs the driver that there is no right to an

attorney at that point. *State v. Reitter*, 227 Wis. 2d 213, 235, 595 N.W.2d 646 (1999). The officer did so inform Baratka. We therefore conclude that the evidence supports the trial court's finding that Baratka refused chemical testing, and its order revoking Baratka's operating privileges.

*By the Court.*—Order affirmed.