STATE of Wisconsin, Plaintiff-Respondent,

v.

Basil E. RYAN, Jr., Defendant-Appellant-Petitioner.

Supreme Court

*No. 2009AP3075. Oral argument November 1, 2011.*
*—Decided February 28, 2012.*

2012 WI 16

(Also reported in 809 N.W.2d 37.)

696

For the defendant-appellant-petitioner there were briefs filed by *Dan Biersdorf, E. Kelly Keady* and *Biersdorf & Associates, S.C.* and oral argument by *Dan Biersdorf.*

For the plaintiff-respondent the cause was argued by *Joanne F. Kloppenburg,* assistant attorney general, with whom on the brief was *J.B. Van Hollen.*

¶ 1. ANN WALSH BRADLEY, J. Defendant Basil E. Ryan, Jr. seeks review of a published decision of the court of appeals affirming orders of the circuit court.[1] This is a forfeiture action in which the State alleged that Ryan unlawfully placed and maintained a sunken barge on the bed of the Menomonee River in violation of Wis. Stat. ch. 30 (2009–10).[2] The circuit court concluded that the doctrine of judicial estoppel precluded Ryan from asserting that he did not own the barge, and it granted summary judgment in favor of the State.

¶ 2. The State contends that the elements of judicial estoppel are satisfied and the circuit court properly applied the doctrine to prevent Ryan from disclaiming ownership of the barge. Additionally, it argues that under the circumstances of this forfeiture action, summary judgment was permitted because the State commenced the action with a complaint and summons and Ryan filed a written answer in lieu of appearing in court and entering a not guilty plea.

---

[1] *See State v. Ryan,* 2011 WI App 21, 331 Wis. 2d 491, 796 N.W.2d 23 (affirming orders of the circuit court for Milwaukee County, Christopher R. Foley, Judge, and Thomas R. Cooper, Judge).

[2] All subsequent references to the Wisconsin Statutes are to the 2009–10 version unless otherwise indicated.

¶ 3.   We conclude that two essential elements of the doctrine of judicial estoppel are not satisfied. The documents produced by the State do not demonstrate that Ryan took a position in the writ proceedings that is "clearly inconsistent" with Ryan's current position. Further, they do not demonstrate that Ryan "convinced the first court" that he or his corporate entities owned the barge. Accordingly, we conclude that the circuit court erroneously invoked the doctrine of judicial estoppel.

¶ 4.   We further conclude that summary judgment is not permitted in forfeiture actions for violations of Wis. Stat. ch. 30. The relevant procedural statutes cannot be reconciled with the summary judgment procedure. Although the parties agreed to the filing of a written answer in lieu of an appearance, such an agreement cannot provide the basis to impose upon the statutory scheme a summary judgment procedure that does not otherwise exist.

¶ 5.   Accordingly, we reverse the court of appeals and remand to the circuit court for further proceedings consistent with this opinion. Even if summary judgment were available, it would not have been appropriate here because there are genuine issues of material fact.

I

¶ 6.   This forfeiture action began on February 4, 2008, when the State served Basil E. Ryan, Jr., with a summons and complaint alleging that he violated state statutes prohibiting the obstruction of navigable waters. However, the facts necessary for a full understanding of this case began well before Ryan's alleged violation.

¶ 7.   Ryan is associated with a number of related entities that conducted business at 260 North 12th

Street in Milwaukee, Wisconsin. The property, which abutted the Menomonee River, was owned by 260 North 12th Street, LLC. Another of the entities, B.E. Ryan Enterprises, Inc. (Ryan Enterprises), received fees for storing upwards of 400 vehicles on the property.

¶ 8.   In addition to storing vehicles, Ryan Enterprises also stored a barge, which floated on the Menomonee River and was moored to a concrete wall. It is this barge that is the subject of the forfeiture action.

¶ 9.   In March of 2005, the Department of Transportation (DOT) exercised its eminent domain authority to take the 260 North 12th Street property. During the eminent domain proceedings, Ryan's then-attorney, Alan Marcuvitz, submitted a form to the DOT entitled "Relocation Business Questionnaire" (hereinafter, the relocation form).[3] It appears that the purpose of the relocation form was to identify property eligible for relocation assistance under Wis. Admin. Code § COMM 202.52(1). The completed relocation form indicated that "Basil E. Ryan, Jr. d/b/a/ Ryan Marina"[4] provided "storage of barge and boats" and that "currently, single barge is stored by owner (Ryan)."

¶ 10.   Ryan and his businesses were given 90 days to vacate the property, but they failed to do so by the specified date. Accordingly, the DOT filed a petition for a Writ of Assistance requesting that the circuit court assist it in obtaining possession of the property (hereinafter, the writ proceeding). The circuit court of Milwaukee County, Judge Foley presiding, conducted a

---

[3] Ryan now claims that it was his former attorney who filled out the relocation form and that Ryan never saw it until the State introduced it as evidence in this forfeiture action.

[4] In an affidavit filed in this case, Ryan averred that "Ryan Marina" was a trade name used by Ryan Enterprises.

two-day hearing. It does not appear that the ownership of the barge was specifically litigated during that hearing.

¶ 11. Ultimately, the circuit court issued an Order for Writ of Assistance, dated July 19, 2005. It provided, in part: "IT IS FURTHER ORDERED, that all Respondents will remove all of their personal property, including the barge, and will vacate the premises located at 260 North 12th Street, Milwaukee, Wisconsin" on or before August 1, 2005.

¶ 12. Ryan and his businesses vacated the property without removing the barge. The barge remained secured to the concrete wall, and almost a year later, it partially sank and became stuck in the river bed.

¶ 13. In October of 2006, the Department of Natural Resources (DNR) sent a notice of violation to Ryan. The notice informed Ryan that, due to the sunken barge in the Menomonee River, the DNR had reason to believe that he was in violation of various statutes governing navigable waters.

¶ 14. In response to the notice of violation, Ryan's then-attorney sent a letter to the DNR on October 16, 2006 (the October 2006 letter).[5] The letter alleged that Ryan was not responsible and that the barge sank as a result of the DOT's negligence. It continued: "With full reservation of the rights of the barge owner, we are nonetheless willing to address the matter by floating and removing the barge, thus eliminating the problem, while still leaving for resolution on another day, both cost placement and responsibility for damage experienced."

---

[5] Ryan contends that he was never consulted about the contents of the October 2006 letter.

¶ 15.  Despite the assertions in the October 2006 letter, Ryan never removed the barge. Accordingly, the State commenced this forfeiture action alleging violations of Wis. Stat. §§ 30.10(2) and 30.12(1)(a).[6]

¶ 16.  The procedural statutes governing Chapter 30 forfeitures set forth two options for commencing an action: by a citation or by complaint and summons. Wis. Stat. § 23.52. In this case, the State opted to serve a complaint and summons. Under Wis. Stat. § 23.55(2)(b), the summons must contain a "direction summoning and requiring the defendant to appear in a specified court on a particular date . . . to answer the accompanying complaint." During oral argument in this court, the State explained that the parties had deviated from the statutory procedures: "In this case, as in others that the Department of Justice has brought, other Chapter 30 actions, the parties agree that the defendant will waive his or her appearance and instead file an answer to the complaint, and that's what happened here." Accordingly, Ryan filed a written answer asserting that he was not responsible for the barge sinking and that any violation was caused by the DOT.

¶ 17.  Shortly thereafter, the State filed a motion for summary judgment. As grounds, it asserted that

[6] Wisconsin Stat. § 30.10(2) provides:  "Except as provided under sub. (4)(c) and (d), all streams, sloughs, bayous and marsh outlets, which are navigable in fact for any purpose whatsoever, are declared navigable to the extent that no dam, bridge or other obstruction shall be made in or over the same without the permission of the state."

Wisconsin Stat. § 30.12(1)(a) provides: "Unless an individual or a general permit has been issued under this section or authorization has been granted by the legislature, no person may do any of the following: (a) Deposit any material or place any structure upon the bed of any navigable water where no bulkhead line has been established."

"[t]he undisputed facts establish that Ryan owns the barge and has maintained an obstruction and structure in the form of the barge on the bed of the Menomonee River without a permit."

¶ 18.  To show that Ryan undisputedly owned the barge, the State relied on three documents: the relocation form, which stated that "currently, single barge is stored by owner (Ryan)"; the Order for Writ of Assistance, which required "that all Respondents will remove all of their personal property, including the barge"; and the October 2006 letter, which stated that "[w]ith full reservation of the rights of the barge owner, we are nonetheless willing to address the matter by floating and removing the barge. . . ."

¶ 19.  Ryan filed a memorandum opposing the State's motion for summary judgment. In the attached affidavit, Ryan asserted that the barge was actually owned by a man named Richard Schumacher. He averred that years before, Ryan Enterprises permitted the barge to be docked at the property in exchange for a storage fee. After a period of time, however, Schumacher stopped paying the storage fees, and Ryan Enterprises maintained possession of the barge and corresponding lien rights for the unpaid fees. Ryan contended that Ryan Enterprises has maintained control, but not ownership, of the barge for approximately fifteen years.[7]

¶ 20.  In its reply, the State argued that even if Ryan did not own the barge, he possessed and controlled it during the relevant time period and thus was responsible for the violation. The State contended that

---

[7] Additionally, Ryan averred that the DOT caused the barge to sink by removing the cables that connected the barge to tow trucks.

the true ownership of the barge was immaterial to Ryan's liability under the statutes: "Ryan errs when he states that a person must own the obstruction or material. . . . [No] language in the law imposes such a requirement. Rather, the liability attaches to the person responsible for the obstruction or placement of the material." Additionally, the State argued that the doctrine of judicial estoppel prevented Ryan from claiming that he did not own the barge.

¶ 21. The circuit court held a hearing on the State's motion for summary judgment. In a letter decision, it determined that Ryan failed to present any evidence to support his assertion that the barge sank as a result of the DOT's negligence. It further determined that "the doctrine of judicial estoppel precludes Ryan from denying that he or a Ryan corporate entity owned and controlled the barge at all pertinent times."

¶ 22. In concluding that the elements of judicial estoppel were met, the circuit court relied on the three documents provided by the State:

> Mr. Ryan and his corporate concerns affirmatively asserted ownership of the barge as personal property. They did so in the Relocation Business Questionnaire, . . .; they did so in Mr. Marcuvitz's letter on behalf of Mr. Ryan and his concerns dated October 16, 2006 . . . ; and, most importantly, they agreed to entry of an order which specifically determined that the barge was the "personal property" of Ryan or a Ryan concern.

¶ 23. The circuit court granted partial summary judgment.[8] Shortly thereafter, the case was transferred

---

[8] The circuit court reserved for another day questions about whether Ryan could be held personally liable for the forfeiture under Wis. Stat. § 30.292. Ultimately, after conducting a hearing and reviewing the parties' affidavits, the circuit court, Judge Cooper presiding, concluded that Ryan was personally liable

to Judge Cooper, who entered an order consistent with Judge Foley's decision.

¶ 24. Ryan filed a motion requesting reconsideration of the court's decision to invoke judicial estoppel. Additionally, he asserted that summary judgment is not permitted in a forfeiture action for violations of Wis. Stat. ch. 30. He asked the court to set the matter for trial.

¶ 25. The circuit court denied Ryan's motion. It concluded: "Now, I'm not a big fan of summary judgments, but I am persuaded that the summary judgment motion can lie in this type of proceeding based upon the filing of a [summons and complaint]. And one of the reasons I'm doing that is to keep this case going on the same track as the prior half of the case."[9]

¶ 26. Having established that Ryan was liable under the statutes, the court moved on to determine the appropriate remedy. To that end, it held a three-day trial. Ultimately, the court imposed forfeitures on Ryan in the amount of $37,691.25 and required him to pay to remove the barge.

---

and granted summary judgment in favor of the State. Ryan did not appeal the court's determination on personal liability, and it is therefore not on review in this court.

[9] Judge Cooper expressed some concern about the prior decisions made by the circuit court. However, he concluded: "I don't see anything that raises to the level of requiring me to find that Judge Foley made error. . . . [A]rguably he did, maybe he didn't, but it's not such that I'm ready to step in and impose my judgment over his."

Ryan filed a petition for an interlocutory appeal but later withdrew it. Additionally, Ryan made a second, subsequent motion for reconsideration, which was denied by the circuit court.

¶ 27. Ryan appealed. He argued that the doctrine of judicial estoppel was inapplicable and that summary judgment was not permitted to resolve the forfeiture action.

¶ 28. The court of appeals affirmed the judgment of the circuit court. It concluded that the elements of judicial estoppel had been satisfied. *State v. Ryan*, 2011 WI App 21, ¶ 27, 331 Wis. 2d 491, 796 N.W.2d 23. In addition, it determined that the procedural aspects of Wis. Stat. ch. 30 forfeiture actions, set forth in Wis. Stat. §§ 23.50–23.85, are consistent with summary judgment methodology, and therefore the circuit court did not err in permitting the State to move for summary judgment. *Id.*, ¶ 25.

II

■
¶ 29. This case requires us to answer two questions. We must determine whether the doctrine of judicial estoppel prevents Ryan from disclaiming ownership of the barge.[10] Additionally, we must determine whether summary judgment is permitted in a forfeiture action for violations of Chapter 30.

---

[10] Although the circuit court determined that Ryan was precluded from denying that "he or a Ryan corporate entity *owned and controlled* the barge at all pertinent times," the court's analysis focused on Ryan's alleged assertion of ownership: "Mr. Ryan and his corporate concerns *affirmatively asserted ownership of the barge as personal property." See supra*, ¶¶ 21, 22 (emphasis added). Accordingly, we focus our analysis on whether Ryan is judicially estopped from asserting that he owned the barge.

We recognize that the parties' arguments on the significance of ownership and control have evolved during the course of this litigation. *See supra*, ¶ 20.

¶ 30. Whether the elements of the doctrine of judicial estoppel are met is a question of law that we review independently of the determinations rendered by the circuit court and the court of appeals. *State v. White,* 2008 WI App 96, ¶ 15, 312 Wis. 2d 799, 754 N.W.2d 214. If the elements are met, however, the decision to invoke the doctrine is left to the discretion of the circuit court. *Salveson v. Douglas County,* 2001 WI 100, ¶ 38, 245 Wis. 2d 497, 630 N.W.2d 182.

■

¶ 31. Whether summary judgment is permitted in a forfeiture action for violation of Chapter 30 is also a question of law, which we review independently of the determinations rendered by the circuit court and the court of appeals. *See State v. Hyndman,* 170 Wis. 2d 198, 205, 488 N.W.2d 111 (Ct. App. 1992).

III

■■

¶ 32. We begin by addressing the circuit court's application of the equitable doctrine of judicial estoppel. Judicial estoppel is intended "to protect against a litigant playing 'fast and loose with the courts' by asserting inconsistent positions" in different legal proceedings. *State v. Petty,* 201 Wis. 2d 337, 347, 548 N.W.2d 817 (1996). "The doctrine precludes a party from asserting a position in a legal proceeding and then subsequently asserting an inconsistent position." *Id.* "[J]udicial estoppel is not directed to the relationship between the parties, but is intended to protect the judiciary as an institution from the perversion of judicial machinery." *Id.* at 346.

¶ 33.   For judicial estoppel to be available, three elements must be satisfied: (1) the later position must be clearly inconsistent with the earlier position; (2) the facts at issue should be the same in both cases; and (3) the party to be estopped must have convinced the first court to adopt its position. *Id.* at 348.

¶ 34.   It is undisputed that the facts from the writ proceeding and the facts from this case are the same. Thus, the focus of our inquiry is whether Ryan's current position—that he and his corporate entities do not own the barge—is "clearly inconsistent" with the position he took in the writ proceeding, and whether Ryan "convinced" the first court to adopt the position that he or one of his corporate entities owned the barge when it issued the Order for a Writ of Assistance.

¶ 35.   In concluding that Ryan was judicially estopped from asserting that he and his corporate entities did not own the barge, the circuit court relied on three documents: the relocation form; the circuit court's Order for a Writ of Assistance; and the October 2006 letter from Ryan's former attorney.

¶ 36.   We begin by observing that the October 2006 letter lends no support to the court's application of judicial estoppel. That letter was sent to the DOT more than a year after the court issued the Order for a Writ of Assistance. Accordingly, it did not exist during the writ proceeding, and it could not have played a role in the court's decision to order Ryan to "remove all of [his] personal property, including the barge." The State concedes as much by stating that "the letter alone cannot support a judicial estoppel determination."[11]

---

[11] There are two additional reasons that the October 2006 letter does not support the circuit court's judicial estoppel

¶ 37. We turn to the remaining documents, the relocation form and the Order for a Writ of Assistance issued by the court. The relocation form was allegedly completed by Ryan's former attorney and sent to the DOT during the eminent domain proceedings. The form indicated that Ryan's business provided "storage of barge and boats" and that "currently, single barge is stored by owner (Ryan)."

¶ 38. The position taken in the relocation form is not "clearly inconsistent" with Ryan's current position that he does not own the barge. The statement that "currently, single barge is stored by owner (Ryan)" is ambiguous. The word "owner" could refer to the owner of the barge. Equally likely, however, is that the word "owner" refers to the owner of the business (Ryan Enterprises) or the owner of the real property (260 N. 12th Street). The later meanings are especially likely because the relocation form was submitted during Ryan's negotiations with the DOT in an eminent domain proceeding, where the focus was on the rights of the property owners and businesses using the property.

¶ 39. Because it is not clear whether Ryan was referring to the owner of the barge or the owner of the

determination. First, because it is ambiguous, it is not "clearly inconsistent" with Ryan's current position that he and his corporate entities do not own the barge. Although Ryan's former attorney made reference to "the rights of the barge owner," he never named the barge owner as Basil E. Ryan, Jr., Ryan Enterprises, or 260 N. 12th St, LLC. Second, the letter was a communication between Ryan and the DNR rather than a communication intended to "convince[] the first court" that Ryan owned the barge. As we explain below, "judicial estoppel is not directed to the relationship between the parties," but rather "is intended to protect the judiciary as an institution[.]" *State v. Petty*, 201 Wis. 2d 337, 346, 548 N.W.2d 817 (1996).

businesses and real property, his statements in the relocation form are not "clearly inconsistent" with his current position that he and his corporate entities do not own the barge. As the court of appeals has explained, "Judicial estoppel, after all, is an equitable determination and should be used only when the positions taken are *clearly* inconsistent." *Harrison v. Labor Indust. Rev. Comm'n,* 187 Wis. 2d 491, 497–98, 523 N.W.2d 138 (Ct. App. 1994) (emphasis in original).

¶ 40. In addition, even if we assume that the relocation form was an unambiguous attempt by Ryan to assert his ownership of the barge, the relocation form fails to satisfy the third element of judicial estoppel. It does not demonstrate that Ryan "convinced the first court to adopt [his] position."

¶ 41. "[J]udicial estoppel is not directed to the relationship between the parties," but rather "is intended to protect the judiciary as an institution[.]" *Petty,* 201 Wis. 2d at 346. The relocation form was a communication between Ryan and the DOT which predated the writ proceedings. By submitting the relocation form to the DOT, Ryan was not attempting to "convince[] the first court" that he owned the barge. For that reason, we reject the State's argument that the relocation form was "akin to [a] judicial admission."[12]

_____

[12] In support of its argument that the relocation form is "akin to a judicial admission," the State cites to *City of Wisconsin Dells v. Dells Fireworks, Inc.,* 197 Wis. 2d 1, 539 N.W.2d 916 (Ct. App. 1995). In that case, a party made a "clear, deliberate and unequivocal statement of fact" while testifying during an evidentiary hearing. *Id.* at 17. The court of appeals determined that the party's testimony was "a judicial admission." *Id.*

¶ 42. Once the relocation form is discounted, there is no evidence that Ryan took any position during the writ proceeding regarding the ownership of the barge. To invoke the doctrine of judicial estoppel, the circuit court relied on the Order for Writ of Assistance, which required "that all Respondents will remove all of their personal property, including the barge." However, the Order for Writ of Assistance is a final document signed by the court, not a position taken by a litigant during the court proceedings. Because it does not represent a position advanced by Ryan, it is not "clearly inconsistent" with his current position that he and his corporate entitles do not own the barge.

¶ 43. Further, because the writ is not a position advanced by Ryan, it cannot be said that the Order for a Writ of Assistance evinces Ryan's attempt to "convince[] the first court" that he or his corporate entities owned the barge. There is no evidence that the ownership of the barge was even at issue during the proceedings before the circuit court. In response to Ryan's appeal in the writ proceeding, the DOT acknowledged that "the ownership of the barge was not an adjudicated fact deserving of any preclusive effect."

¶ 44. For the reasons set forth above, we conclude that two essential elements of the doctrine of judicial estoppel are not satisfied. The October 2006 letter, the relocation form, and the Order for Writ of Assistance do not demonstrate that Ryan took a position in the writ

The testimony at issue in *Dells Fireworks* is not comparable to the statements made in the relocation form because the testimony in *Dells Fireworks* was made in court and to the court. By contrast, the statements in the relocation form were made prior to the writ proceeding and were directed to the opposing party.

proceedings that is "clearly inconsistent" with Ryan's current position. Further, they do not demonstrate that Ryan "convinced the first court" that he or his corporate entities owned the barge. Accordingly, we conclude that the circuit court erroneously invoked the doctrine of judicial estoppel.

## IV

¶ 45. We turn to the question of whether summary judgment is permitted in an action seeking forfeitures for violations of Wis. Stat. ch. 30. As discussed in greater detail below, the procedure for prosecuting Chapter 30 enforcement actions is set forth in Wis. Stat. ch. 23.

¶ 46. We acknowledge that in prior opinions of this court, forfeiture actions have been resolved by summary judgment. *See, e.g., State v. Kelley,* 2001 WI 84, 244 Wis. 2d 777, 629 N.W.2d 601. Like this case, *Kelley* involved a forfeiture action for an alleged violation of Wis. Stat. ch. 30. *Id.,* ¶ 21. After the circuit court suggested and the parties agreed that "the legal issues might be resolved on summary judgment and stipulated facts," the circuit court granted summary judgment in favor of the State.[13] *Id.,* ¶¶ 17–18.

¶ 47. On review, this court did not address any concerns about whether the summary judgment methodology was an appropriate procedure. However, our silence on this subject is unsurprising.

---

[13] It does not appear that the circuit court in *Kelley* was strictly following the procedures set forth in Wis. Stat. ch. 23. Although Chapter 23 does not permit discovery, *see* Wis. Stat. § 23.73 ("Neither party is entitled to pretrial discovery . . . ."), the Kelleys' motion for summary judgment was supported in part by answers to interrogatories. *State v. Kelley,* 2001 WI 84, ¶ 17, 244 Wis. 2d 777, 629 N.W.2d 601.

713

¶ 48. The legal questions raised in *Kelley* were unrelated to the procedures that are permitted in forfeiture actions, and this court's opinion did not even cite to Wis. Stat. ch. 23, the relevant procedural statute. Instead, the "complex question" before the court was purely substantive.[14] Because the procedures used by the circuit court were not at issue in *Kelley,* the availability of summary judgment in such a proceeding was not decided by this court. Likewise, other forfeiture cases resolved on summary judgment have not addressed the question of whether summary judgment is permitted in a Wis. Stat. ch. 30 forfeiture action.[15]

¶ 49. We turn next to examining this question for the first time. Summary judgment is a rule of civil procedure used to "avoid trials where there is nothing to try." *Hunter of Wisconsin, Inc. v. Hamilton,* 101 Wis. 2d 460, 470, 304 N.W.2d 752 (1981). In cases where summary judgment is permitted, it may be granted if the pleadings, together with any affidavits, show that there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Wis. Stat. § 802.08(2).

---

[14] Specifically, the legal question was whether one may be prosecuted under Wis. Stat. § 30.12(1)(a) for failure "to obtain a permit before depositing fill on land submerged below navigable water regardless of whether the land is above or below the ordinary high water mark." *Id.,* ¶ 43.

[15] *See Oneida County v. Converse,* 180 Wis. 2d 120, 508 N.W.2d 416 (1993) (reversing a grant of summary judgment in a Chapter 30 forfeiture action without determining whether summary judgment was permitted); *State v. Land Concepts, Ltd.,* 177 Wis. 2d 24, 501 N.W.2d 817 (Ct. App. 1993) (affirming a grant of summary judgment in a Chapter 30 forfeiture action without determining whether summary judgment was permitted).

¶ 50. Summary judgment is permitted "in circuit courts of this state in all civil actions and special proceedings . . . except where different procedure is prescribed by statute or rule." Wis. Stat. § 801.01(2). However, "mere silence regarding a rule of civil procedure does not automatically mean that the procedure is permitted." *State v. Schneck,* 2002 WI App 239, ¶ 14, 257 Wis. 2d 704, 652 N.W.2d 434. "[T]he test for the application of the civil rules of procedure is not only whether the statutes governing the instant proceeding are silent on the matter or otherwise set out a different procedure, but also whether the instant proceeding can be reconciled with the rules of civil procedure." *Id.,* ¶ 7.

¶ 51. The *Schneck* court evaluated whether summary judgment was permitted in a traffic forfeiture action under Wis. Stat. ch. 345. Although Chapter 345 did not expressly provide that summary judgment was unavailable, the court concluded that "a Wis. Stat. ch. 345 forfeiture prosecution could not be reconciled with the summary judgment procedure set out in Wis. Stat. § 802.08." *Id.,* ¶ 7.

¶ 52. In reaching this conclusion, the court compared the summary judgment methodology with the pleading procedures set forth in Chapter 345. Under the established summary judgment methodology, a circuit court begins by examining the complaint to determine whether it states a claim, and then turns to the answer to determine whether it joins a material issue of fact or law. The *Schneck* court noted that the ordinary rules of civil procedure are well adapted to suit this methodology. They require a summons and complaint, and the summons must "direct[] the defendant . . . to serve upon plaintiff's attorney . . . an answer" that asserts "every defense in law or fact." *Id.,* ¶ 9 (citing Wis. Stat. §§ 801.09, 802.06).

715

¶ 53. By contrast, the *Schneck* court determined that "there is nothing in ch. 345 that requires or contemplates the kind of responsive pleading" that would enable the circuit court to "perform even the rudimentary initial steps of summary judgment methodology." *Id.,* ¶ 10. Rather, Chapter 345 requires the defendant to respond by pleading guilty, no contest, or not guilty. Wis. Stat. § 345.40. That sort of response is "not the equivalent of an answer in a conventional civil action" and does not "enable a trial court to determine if a material issue of fact or law has been joined." *Schneck,* 257 Wis. 2d 704, ¶ 10.

¶ 54. As *Schneck* illustrates, it is important to closely examine the relevant procedural statutes to see if they "can be reconciled with" the summary judgment procedure. Wisconsin Stat. ch. 23 sets forth a series of unique and detailed procedures for prosecuting violations of the navigable waters statutes.[16]

¶ 55. Chapter 23 provides the State with two options for commencing an action: (1) an enforcing officer may commence the action by issuing a citation; or (2) a district attorney may commence the action by filing a complaint and summons. Wis. Stat. § 23.52; Wis. Stat. § 23.62; Wis. Stat. § 23.65.

¶ 56. If the action is commenced by citation, the citation must contain the requirements set forth in Wis. Stat. § 23.54. Among other requirements, the citation shall provide a "date, time and place for the court appearance, and a notice to appear." Wis. Stat. § 23.54(3)(f).[17]

---

[16] Wisconsin Stat. § 23.50(1) provides: "The procedure in ss. 23.50 to 23.85 applies to all action in circuit court to recover forfeitures . . . for violations of" Chapter 30.

[17] The defendant has the option of paying a deposit and stipulation in lieu of a court appearance, unless the court

¶ 57. If the State opts instead to commence the forfeiture action by complaint and summons, "[i]t must appear on the face of the complaint that there is probable cause to believe that a violation has been committed and that the defendant has committed it." Wis. Stat. § 23.55(1). The summons must contain a "direction summoning and requiring the defendant to appear in a specified court on a particular date . . . to answer the accompanying complaint." Wis. Stat. § 23.55(2)(b).

¶ 58. Regardless of whether the action is commenced by citation or by complaint and summons, the citation or complaint may serve as the initial pleading. Wis. Stat. § 23.68. If the defendant appears, "the defendant shall be informed that he or she is entitled to a jury trial and then asked whether he or she wishes to plead." Wis. Stat. § 23.70(1). A defendant may plead guilty, not guilty, or no contest. Wis. Stat. § 23.70(1).

¶ 59. If the defendant pleads not guilty, "the court shall set a date for trial" unless both parties agree that the case may be tried "forthwith" and without a jury. Wis. Stat. § 23.72; Wis. Stat. § 23.71. "Any motion which is capable of determination without the trial of the general issue shall be made before trial." Wis. Stat. § 23.69. "Neither party is entitled to pretrial discovery[.]" Wis. Stat. § 23.73.

¶ 60. The phrase "summary judgment" does not appear anywhere in Chapter 23. Nevertheless, the State argues that the plain language of Wis. Stat. § 23.69 expressly permits summary judgment.

---

decides to summon the defendant rather than accept the payment. Wis. Stat. § 23.54(3)(g) and (j). If the defendant makes a deposit and signs a stipulation, the defendant will be deemed to have tendered a plea of no contest and submitted to a forfeiture. Wis. Stat. § 23.54(3)(j). If the defendant does not make a deposit and fails to appear in court, the court may issue a summons or an arrest warrant. Wis. Stat. § 23.54(3)(k).

¶ 61. Wisconsin Stat. § 23.69 provides that "[a]ny motion which is capable of determination without the trial of the general issue shall be made before trial." Although it is true that summary judgment is, by definition, a "motion which is capable of determination without the trial," it does not follow that Wis. Stat. § 23.69 expressly permits motions for summary judgment.

¶ 62. In addition to summary judgment, there are many types of motions that could be "capable of determination without the trial of the general issue," such as motions dealing with issues of statutory interpretation, motions dealing with issues of constitutional interpretation, motions to dismiss for lack of jurisdiction, and motions in limine to resolve evidentiary issues. As we construe it, the import of Wis. Stat. § 23.69 is to dictate when certain motions "capable of determination without the trial" should be made. However, Wis. Stat. § 23.69 does not differentiate between the various types of pre-trial motions. It makes no assessment regarding which of all conceivable pre-trial motions are permitted in the first instance.

¶ 63. We conclude that the plain language of Wis. Stat. § 23.69 does not expressly permit summary judgment. Accordingly, as in *Schneck,* the question is whether "the instant proceeding can be reconciled with" the summary judgment procedure. 257 Wis. 2d 704, ¶ 7.

¶ 64. The State appears to concede that summary judgment is inappropriate when the action is commenced with a citation and followed by the defendant's plea. Like in *Schneck,* "a trial court cannot perform even the rudimentary initial steps of summary judgment methodology because the responses contemplated by these statutes are not the equivalent of an answer in a

conventional civil action." *Id.,* ¶ 10. Nevertheless, the State argues that the summary judgment procedure is "consistent with the complaint and answer form of action allowed by Wis. Stat. § 23.55 and followed in this case."

¶ 65.    The procedure set forth in Wis. Stat. § 23.55 is not a "complaint and answer" procedure, but rather, a complaint and summons procedure. Wisconsin Stat. § 23.55 provides that the summons shall "requir[e] the defendant to appear in a specified court on a particular date . . . to answer the accompanying complaint." Upon the appearance, the defendant is asked if he or she wishes to plead. Wis. Stat. § 23.70(1). According to Wis. Stat. § 23.72, "[i]f the defendant pleads not guilty the court shall set a date for trial or advise the defendant that he or she will be notified of the date set for trial."

¶ 66.    The State appears to acknowledge that this statute does not require a defendant to file a written answer asserting "every defense in law or fact," as Ryan did in this case.[18] *See Schneck,* 257 Wis. 2d 704, ¶ 9 (citing Wis. Stat. § 802.06). However, the State contends that in cases like this, where the defendant in fact

---

[18] The court of appeals erroneously concluded that a summons issued under Wis. Stat. § 23.55 "directs the defendant to answer the complaint." *State v. Ryan,* 2011 WI App 21, ¶ 22, 331 Wis. 2d 491, 796 N.W.2d 23. It continued: "Thus, in an instance where a plaintiff initiates a claim via a complaint and summons pursuant to §§ 23.52 and 23.55, the trial court would be able not only to examine the complaint to determine whether it states a claim, but would also be able to evaluate the defendant's answer—written or otherwise—to determine whether it joins an issue of material fact." *Id.*

There is nothing in the statutes that prescribe the form and requirements of the defendant's "answer." It appears that the only "answer" contemplated by Chapter 23 is a plea of guilty, not guilty, or no contest. Wis. Stat. § 23.70.

does file a written answer, the circuit court can determine whether issue is joined, whether there are material factual disputes, and whether one party is entitled to summary judgment as a matter of law.

¶ 67. Here, the parties agreed to the filing of a written answer in lieu of an appearance. While such an agreement may be a reasonable practice under the circumstance, the agreement to file a written answer in lieu of an appearance cannot provide the basis to impose upon the statutory scheme a summary judgment procedure that does not otherwise exist. It may be true that, due to the vagaries of how this case actually proceeded in the circuit court, the State's summons and complaint, combined with Ryan's written answer and the submitted affidavits, would be sufficient for the circuit court to conduct the established summary judgment methodology. In many cases, however, summary judgment methodology could not be employed, either because the action was commenced with a citation, or because the defendant appeared in court and entered a plea without filing a written answer.

¶ 68. Our conclusion that summary judgment is not permitted is buttressed by the desire for consistency and predictability. *See Lord v. Hubbell, Inc.,* 210 Wis. 2d 150, 169, 563 N.W.2d 913 (Ct. App. 1997).[19] The statutes contemplate that a defendant will respond to a citation or a complaint and summons by entering a plea. It is undesirable to require courts to make ad hoc

_____

[19] *See also Heath v. Zellmer,* 35 Wis. 2d 578, 596, 151 N.W.2d 664 (1967) (discussing the importance of predictability in the context of choice of law decisions); *Johnson Controls, Inc. v. Employers Ins. of Wausau,* 2003 WI 108, 264 Wis. 2d 60, 665 N.W.2d 257 (discussing the importance of predictability and consistency as a basis for stare decisis).

determinations regarding the permissibility of summary judgment based on how the parties choose to proceed in a specific case.[20]

¶ 69.   We conclude that summary judgment is not permitted in forfeiture actions for violations of Wis. Stat. ch. 30. The relevant procedural statutes cannot be reconciled with the summary judgment procedure. Although the parties agreed to the filing of a written answer in lieu of an appearance, such an agreement cannot provide the basis to impose upon the statutory scheme a summary judgment procedure that does not otherwise exist.[21]

V

¶ 70.   In sum, we conclude that two essential elements of the doctrine of judicial estoppel are not satisfied. The documents produced by the State do not

---

[20] Were we to conclude that the summary judgment procedure is permitted on a case-by-case basis, circuit courts would be called upon to make ad hoc determinations about the suitability of any written response. For example, the court might be asked to decide whether a defendant's written not-guilty plea provided the court with sufficient information to perform the summary judgment methodology. *See* concurrence, ¶ 82. The resulting procedural uncertainty would be problematic because it would deprive parties in forfeiture actions of any settled expectations about how their cases could be disposed.

If the legislature concludes that summary judgment is available under specific circumstances, it can amend the statute and provide specific guidance for litigants and courts.

[21] Our conclusion that summary judgment is not permitted alleviates the need to address Ryan's argument that the unavailability of discovery likewise precludes summary judgment. For the same reason, there is no occasion to address Ryan's arguments about the scope and meaning of Wis. Admin. Code § COMM 202.52(1)(d).

demonstrate that Ryan took a position in the writ proceedings that is "clearly inconsistent" with Ryan's current position. Further, they do not demonstrate that Ryan "convinced the first court" that he or his corporate entities owned the barge. Accordingly, we conclude that the circuit court erroneously invoked the doctrine of judicial estoppel.

¶ 71. We further conclude that summary judgment is not permitted in forfeiture actions for violations of Wis. Stat. ch. 30. The relevant procedural statutes cannot be reconciled with the summary judgment procedure. Although the parties agreed to the filing of a written answer in lieu of an appearance, such an agreement cannot provide the basis to impose upon the statutory scheme a summary judgment procedure that does not otherwise exist.

¶ 72. Accordingly, we reverse the court of appeals and remand to the circuit court for further proceedings consistent with this opinion. Even if summary judgment were available, it would not have been appropriate here because there are genuine issues of material fact.

*By the Court.*—The decision of the court of appeals is reversed, and the cause is remanded to the circuit court.

¶ 73. DAVID T. PROSSER, J., did not participate.

¶ 74. ANNETTE KINGSLAND ZIEGLER, J. (*concurring*). I concur with the majority's mandate to reverse the decision of the court of appeals and remand the cause to the circuit court for further proceedings. I agree with the majority that the circuit court erred by concluding that Ryan was judicially estopped from disclaiming ownership of the barge. *See* majority op.,

¶ 3. However, I do not agree with the majority's conclusion that summary judgment is never permitted in forfeiture actions for alleged violations of Wis. Stat. ch. 30. *See id.,* ¶ 4. Much like the court of appeals determined in this case, *see State v. Ryan,* 2011 WI App 21, ¶ 25, 331 Wis. 2d 491, 796 N.W.2d 23, I conclude that summary judgment is permitted in Chapter 30 forfeiture actions such as this one, in which the action is commenced by a complaint and summons and the defendant appears by filing an answer to the complaint. At the same time, unlike the court of appeals, *see id.,* ¶ 29, I conclude that, in this case, the circuit court improperly granted summary judgment to the State because Ryan set forth sufficient evidence to raise a genuine issue of material fact concerning ownership of the barge. Accordingly, albeit on different grounds, I concur with the majority's mandate to reverse the decision of the court of appeals and remand the cause to the circuit court for further proceedings.

¶ 75.   Pursuant to Wis. Stat. § 802.08(2), summary judgment "shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Our summary judgment methodology is often-stated and well-understood. In *State v. Schneck,* 2002 WI App 239, ¶ 8, 257 Wis. 2d 704, 652 N.W.2d 434, the court of appeals succinctly explained the methodology as follows:

> We first examine the complaint to determine whether it states a claim and then review the answer to determine whether it joins a material issue of fact or law. If we conclude that the complaint and answer are sufficient to join issue, we examine the moving party's affidavits

to determine whether they establish a prima facie case for summary judgment. If they do, we look to the opposing party's affidavits to determine whether there are any material facts in dispute that entitle the opposing party to a trial.

*See also Grams v. Boss,* 97 Wis. 2d 332, 338, 294 N.W.2d 473 (1980).

¶ 76. As the majority acknowledges, *see* majority op., ¶ 50, Wis. Stat. § 801.01(2) directs that summary judgment is permitted, with limited exception, "in circuit courts of this state in *all* civil actions and special proceedings . . . ." (Emphasis added.) The sole exception is when a "different procedure is prescribed by statute or rule." *Id.* Section 801.01(2) further requires that we construe the statutes governing summary judgment in a manner that "secure[s] the just, speedy and inexpensive determination of every action and proceeding."

¶ 77. There is no question that a forfeiture action for an alleged violation of Wis. Stat. ch. 30 is a civil action. *See* Wis. Stat. § 30.03(3). Consequently, we must presume that summary judgment is permitted in such actions unless a "different procedure is prescribed by statute or rule." Wis. Stat. § 801.01(2).

¶ 78. In *Schneck,* 257 Wis. 2d 704, ¶ 7, the court of appeals articulated the test for determining whether a statute or rule prescribes a "different procedure" than the summary judgment procedure set forth in Wis. Stat. § 802.08: "[T]he test for the application of the civil rules of procedure is not only whether the statutes governing the instant proceeding are silent on the matter or otherwise set out a different procedure, but also whether the instant proceeding can be reconciled with the rules of civil procedure." Accordingly, in this case, we must look to the statutes governing forfeiture actions for alleged violations of Wis. Stat. ch. 30 to

724

determine (a) whether they are silent on summary judgment procedure or otherwise prescribe a different procedure than that set forth in Wis. Stat. § 802.08 and (b) whether they can be reconciled with the procedure set forth in § 802.08.

¶ 79.   The procedure to recover forfeitures imposed under Wis. Stat. ch. 30 is set forth in Wis. Stat. §§ 23.50 to 23.85. *See* Wis. Stat. § 23.50(1). At the outset, I note that §§ 23.50 to 23.85 are not silent on summary judgment procedure. To the contrary, Wis. Stat. § 23.69 expressly contemplates, without exception, the filing of "*[a]ny* motion which is capable of determination without the trial of the general issue." (Emphasis added.) As the majority concedes, "summary judgment is, by definition, a 'motion which is capable of determination without the trial . . . .'" Majority op., ¶ 61 (quoting § 23.69).

¶ 80.   The question then becomes whether we can reconcile the procedures set forth in Wis. Stat. §§ 23.50 to 23.85 with the summary judgment procedure set forth in Wis. Stat. § 802.08. The majority is quick to say no. Majority op., ¶ 69. I disagree.

¶ 81.   A forfeiture action under Wis. Stat. ch. 23 may be commenced either by citation or by a complaint and summons. Wis. Stat. § 23.52. I agree with the majority that summary judgment is not permitted when the action is commenced by citation. Majority op., ¶ 64; *see also Schneck,* 257 Wis. 2d 704, ¶ 10. However, I am not persuaded that summary judgment is never permitted in cases such as this one, in which the action is commenced by a complaint and summons and the defendant appears by filing an answer to the complaint.

¶ 82.   The majority concludes that summary judgment is never permitted in forfeiture actions for alleged violations of Wis. Stat. ch. 30 because the procedures

set forth in Wis. Stat. §§ 23.50 to 23.85 do not require a defendant to file a written answer to the complaint. *See* majority op., ¶ 65–67. At the same time, the majority appears to acknowledge that §§ 23.50 to 23.85 do not preclude a defendant from filing a written answer to the complaint. Wisconsin Stat. § 23.55(2)(b) directs that the summons "shall contain . . . [a] direction summoning and requiring the defendant to appear in a specified court on a particular date not less than 10 days following service of the summons to answer the accompanying complaint." To be sure, § 23.55(2)(b) anticipates that the defendant will appear in person, in a specified court on a particular date, to answer the complaint. However, Wis. Stat. §§ 23.70 and 23.75 inform us that the legislature at least contemplated that a defendant may not always appear in person to answer the complaint. Wisconsin Stat. § 23.70(1) provides, in relevant part, that the defendant must be informed that he or she is entitled to a jury trial and must be asked whether he or she wishes to plead "*[i]f* the defendant appears in response to a citation or a summons . . . ." (Emphasis added.) More to the point, Wis. Stat. § 23.75(4) expressly states that a defendant may enter a not guilty plea by letter: "If a citation or summons is issued to a defendant and he or she is unable to appear in court on the day specified, the defendant may enter a plea of not guilty by mailing to the judge at the address indicated on the citation or summons a letter stating such plea." Read together, Wis. Stat. §§ 23.55(2)(b), 23.70(1), and 23.75(4) certainly do not preclude a defendant from filing a written answer to the complaint and may even suggest it.

¶ 83. This court's duty is not to comb through Wis. Stat. §§ 23.50 to 23.85 to search for a procedure that is inconsistent with the summary judgment proce-

726

dure set forth in Wis. Stat. § 802.08. In fact, our duty is nearly the opposite: beginning with the rule that summary judgment is generally permitted "in circuit courts of this state in *all* civil actions," Wis. Stat. § 801.01(2) (emphasis added), we must determine whether the procedure set forth in Wis. Stat. §§ 23.50 to 23.85 can be reconciled with the summary judgment procedure set forth in Wis. Stat. § 802.08. Based upon the statutes' plain language, I conclude that Wis. Stat. §§ 23.50 to 23.85 can be reconciled with the summary judgment procedure set forth in Wis. Stat. § 802.08 in cases such as this one, in which the action is commenced by a complaint and summons and the defendant appears by filing an answer to the complaint. Such a conclusion promotes efficiency in our circuit courts, *see* Wis. Stat. § 801.01(2), and provides the State and defendants alike the means to "avoid trials where there is nothing to try," *Rollins Burdick Hunter of Wis., Inc. v. Hamilton,* 101 Wis. 2d 460, 470, 304 N.W.2d 752 (1981).

¶ 84. Ironically, it is "the desire for consistency and predictability" that drives the majority's conclusion that summary judgment is never permitted in forfeiture actions for alleged violations of Wis. Stat. ch. 30. *See* majority op., ¶ 68. In the same breath, however, the majority cites to at least three published decisions in which this court and the court of appeals applied the summary judgment methodology to forfeiture actions under Chapter 30. *See id.,* ¶ 48 & n.15 (citing *State v. Kelley,* 2001 WI 84, 244 Wis. 2d 777, 629 N.W.2d 601; *Oneida Cnty. v. Converse,* 180 Wis. 2d 120, 508 N.W.2d 416 (1993); *State v. Land Concepts, Ltd.,* 177 Wis. 2d 24, 501 N.W.2d 817 (Ct. App. 1993)). One can only imagine how routinely the circuit courts in this state consider summary judgment motions in forfeiture actions under Chapter 30, particularly when we have endorsed the

practice ourselves. Yet, from this day forward, in the name of consistency and predictability, circuit courts are no longer permitted to consider summary judgment motions in forfeiture actions under Chapter 30—or any other chapter enumerated in Wis. Stat. § 23.50(1) and subject to the procedures in Wis. Stat. §§ 23.50 to 23.85. The rationale of the majority's far-reaching holding simply escapes me.

¶ 85. Still, I concur with the majority's mandate to reverse the decision of the court of appeals and remand the cause to the circuit court for further proceedings. While I conclude that summary judgment was permitted in this case, I disagree with the court of appeals' conclusion that the circuit court properly granted summary judgment to the State. *See Ryan,* 331 Wis. 2d 491, ¶ 29. Rather, I conclude that Ryan's opposing affidavit, in which he averred that the barge was owned by Richard Schumacher, was sufficient to raise a genuine issue of material fact concerning ownership of the barge. Accordingly, albeit on different grounds, I concur with the majority's mandate to reverse the decision of the court of appeals and remand the cause to the circuit court for further proceedings.

¶ 86. For the foregoing reasons, I respectfully concur.

¶ 87. I am authorized to state that Justice MICHAEL J. GABLEMAN joins this concurrence.