PATIENCE DRAKE ROGGENSACK, J.
¶ 28. (concurring). The majority opinion concludes that the judgment in favor of Paul Davis Restoration of Southeast Wisconsin, Inc. (Southeast), entered as the confirmation of an arbitration award against Paul Davis Restoration of Northeast Wisconsin (Northeast) (which is a "doing business as" (d/b/a) designation employed by EA Green Bay, LLC), is enforceable in a garnishment action against an account at Denmark State Bank that is held *634 in the name of EA Green Bay, Northeast and other d/b/a's of EA Green Bay.[1] I agree.
¶ 29. Prior to entering the judgment confirming the arbitration award, Southeast's counsel requested that the court name EA Green Bay as a defendant in the judgment because Northeast was a d/b/a designation for EA Green Bay and not a separate legal entity. In response, counsel for Northeast represented to the court that a judgment solely in the name of Northeast was fully enforceable, even though "Paul Davis Restoration of Northeast Wisconsin" was not a legal entity. Northeast now asserts that the judgment is not enforceable because, although Northeast's name was on the bank account to be garnished, Northeast is not a legal entity and therefore has no legal ownership in the bank account.
¶ 30. Because of Northeast's prior inconsistent representations to the circuit court, which the circuit court apparently accepted, I conclude that Northeast is judicially estopped from challenging the garnishment on the ground that the judgment is not enforceable because Northeast is not a legal entity. Accordingly, I respectfully concur with the majority opinion's reversal of the decision of the court of appeals, albeit on a different rationale.
I. BACKGROUND
¶ 31. Both Southeast and EA Green Bay are franchisees of Paul Davis Restoration, Inc. EA Green Bay operated its franchise under the name of Northeast. Northeast is not a corporate entity, but rather it is a trade name, or "d/b/a," of EA Green Bay.
*635 ¶ 32. Southeast and Northeast entered into arbitration for claims that each franchisee was doing business in the exclusive territory of the other and therefore each owed certain payments to the other. The arbitration panel agreed that both franchisees had been selling in the other's exclusive territory, but that Northeast had done so much more frequently. The panel issued a net award that required Northeast to pay Southeast $101,693.10.
¶ 33. Southeast's counsel moved the circuit court of Milwaukee County to confirm the award. During that process counsel for Southeast sought to have EA Green Bay and others added as defendants. Southeast's counsel said,
[If the court] confirms the award in such a manner that it is only against... Paul Davis Restoration of Northeast Wisconsin, I'm not even sure how to go about collecting against a company operating as a trade name. How do you separate the company's trade name from the underlying entity? And not just any underlying entity, but the underlying entity that's required to be there under the franchise agreement.... The only way to give [e]ffect to the award in this case is to make it against... the underlying entities. To do otherwise would tie the hands of the party who received the award in this case from enforcing any judgment. Because I'm not sure how — I'm sure that you can't own property under a DBA.... Without that, we'll have a judgment that I believe would be worthless.
¶ 34. In response, Northeast's counsel urged the circuit court to reject Southeast's argument and refuse to add EA Green Bay to the judgment:
First of all, the fact that someone operates under — an entity operates under a trade name does not mean that it is not also a business entity of its own. That doesn't *636 follow as a matter of law. Secondly, regardless of that, a business operating under a trade name certainly can own all sorts of assets. Amd— And thirdly, the idea that as a matter of law an entity operating as a quote DBA, meaning it's operating under a trade name, the idea that a judgment can't be enforced against it is simply untrue as matter of law.
After considering the arguments of counsel, the circuit court issued a judgment against Northeast and not against EA Green Bay, consistent with Northeast's contention.
¶ 35. When the garnishment action from which this review springs was filed in Brown County Circuit Court, it named only Northeast as the debtor and Denmark State Bank as the garnishee. The bank responded that it had an account in the name of EA Green Bay LLC d/b/a Paul Davis Restoration & Remodeling of NE WI[2] d/b/a Building Werks. The Bank said that on the date that it received the garnishment, the account had a balance of $102,772.87, which the Bank would hold until further order of the court.
¶ 36. Northeast objected to release of the funds and a hearing on its objection was held before the circuit court of Brown County. At the conclusion of that hearing, the circuit court found that
[Northeast] has had ample opportunity to make some kind of showing that EA [Green Bay] is not in fact the same entity as is named in the Milwaukee County judgment as a defense to garnishment, and yet the *637 record is devoid of any evidence that the owner of the account and the judgment debtor are two different business entities.
Thereafter, the circuit court concluded that the bank account was properly subject to Southeast's garnishment action.
¶ 37. The court of appeals reversed, concluding that because Northeast is a d/b/a and not a legal entity, the judgment against Northeast is unenforceable against the bank account. Paul Davis Restoration of S.E. Wis., Inc. v. Paul Davis Restoration of Ne. Wis., No. 2011AP1121, unpublished slip op., ¶ 9 (Wis. Ct. App. June 12, 2012).
¶ 38. Before us, Northeast again contends that a judgment against a trade name is unenforceable. Northeast agrees that Southeast attempted to convince the Milwaukee County Circuit Court to add EA Green Bay as a debtor and that the circuit court did not do so. At oral argument, Chief Justice Abrahamson asked counsel for Northeast whether a predecessor attorney had represented to the Milwaukee County Circuit Court that EA Green Bay was bound by the judgment even without being named. Counsel admitted that that had happened, but asserted that it was an erroneous statement to the court, which she characterized as a mistake insufficient to support judicial estoppel.
II. DISCUSSION
A. Standard of Review
¶ 39. Whether judicial estoppel applies presents a question of law for our independent review. State v. Petty, 201 Wis. 2d 337, 346-47, 548 N.W.2d 817 (1996).
*638 B. Principles of Judicial Estoppel
¶ 40. Statements of law upon which a circuit court relies may give rise to the equitable doctrine of judicial estoppel. Under that doctrine, a party is precluded from asserting a position in litigation after having previously asserted an inconsistent position at a different stage in the litigation, or in another proceeding. See State v. Ryan, 2012 WI 16, ¶¶ 32-34, 338 Wis. 2d 695, 809 N.W.2d 37 (discussing elements and application of judicial estoppel in two separate, but factually interrelated proceedings).
¶ 41. Judicial estoppel is intended to protect the integrity of the judicial process against parties playing "fast and loose with the courts by asserting inconsistent positions." Petty, 201 Wis. 2d at 347 (internal quotation marks and citation omitted). The doctrine, therefore, does not operate on the relationship between the parties, but instead operates on the relationship between each party and the judicial system. See id. at 346 (noting that "judicial estoppel is not directed to the relationship between the parties").
¶ 42. As with other equitable doctrines, the application of judicial estoppel is typically within the discretion of the circuit court. State v. Fleming, 181 Wis. 2d 546, 558, 510 N.W.2d 837 (Ct. App. 1993). However, because the elements of judicial estoppel are questions of law, a circuit court's failure to address the doctrine will not preclude an appellate court from doing so. See Petty, 201 Wis. 2d at 346-47 (recognizing propriety of appellate court addressing judicial estoppel where doctrine had not been applied by circuit court).
¶ 43. For a party to be judicially estopped from maintaining a particular position in litigation, three elements must be met. Id. at 348. First, the party's *639 position must be "clearly inconsistent" with an earlier position. Id. Second, the facts relevant to the party's position must have been the same at both points in litigation. Id. Third, the party to be judicially estopped "must have convinced the first court to adopt its position." Id. Additionally, because judicial estoppel "looks toward cold manipulation and not unthinking or confused blunder," the doctrine will not be applied to inadvertent representations. Id. at 347.
C. Application
¶ 44. Northeast's representations to the Milwaukee County Circuit Court meet the three criteria necessary for judicial estoppel. Therefore, I conclude that Northeast is estopped from contending that the judgment upon which the garnishment is based may not be enforced because Northeast is not a legal entity. First, the facts relevant to whether Northeast was a legal entity did not change between the hearing before the Milwaukee County Circuit Court and the commencement of this garnishment action. During the relevant time period, Northeast remained a d/b/a or trade name of EA Green Bay.
¶ 45. Second, Northeast represented to the Milwaukee County circuit court that EA Green Bay's use of the d/b/a designation would not prevent enforcement of the judgment. Counsel for Northeast said, "the idea that a judgment can't be enforced against it is simply untrue as a matter of law." Northeast's contention was made to the court when Southeast moved to add EA Green Bay as a party to the judgment and argued that EA Green Bay must be added in order to prevent the judgment from being unenforceable. Southeast said that without a legal entity as a party to the judgment, "we'll have a judgment that I believe would be worthless." After *640 consideration of the arguments of counsel, the circuit court denied Southeast's request to add EA Green Bay-as a party to the judgment.
¶ 46. Third, as repeated more fully in the quote in paragraph 34 above, Northeast's legal position was carefully stated and urged the circuit court not to name EA Green Bay as a party to the judgment. Northeast's contention was not inadvertently made but was placed before the court in direct response to Southeast's position that without the addition of EA Green Bay, Southeast would have a judgment that was "worthless." Before us, Northeast attempts to make the judgment worthless in this garnishment action.
¶ 47. Accordingly, Northeast's position before us meets all the elements for judicial estoppel. Therefore, I conclude that Northeast is estopped from asserting that its bank account cannot be garnished based on Northeast not having the legal status that would permit it to have ownership rights in the account.
III. CONCLUSION
¶ 48. Because of Northeast's prior inconsistent representations to the circuit court, which the circuit court apparently accepted, I conclude that Northeast is judicially estopped from challenging the garnishment on the ground that the judgment is not enforceable because Northeast is not a legal entity. Accordingly, I respectfully concur with the majority opinion's reversal of the decision of the court of appeals, albeit on a different rationale.
¶ 49. I am authorized to state that Justice ANNETTE KINGSLAND ZIEGLER joins this concurrence.

 Majority op., ¶ 5.

 No one has argued that the slight difference in the names of Paul Davis Restoration of Northeast Wisconsin and Paul Davis Restoration & Remodeling of NE WI is significant or that both do not refer to the same d/b/a for EA Green Bay, so I do not consider it further.